| **Fill in this information to identify the case:** |
|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE |
| Case number *(if known)* _____ Chapter __11__ |

☐ Check if this is an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

**1. Debtor's name**  
Norcold LLC

**2. All other names debtor used in the last 8 years**  
Include any assumed names, trade names and *doing business as* names  
Norcold, Inc.

**3. Debtor's federal Employer Identification Number (EIN)**  
13-3916081

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7101 Jackson Road, Ann Arbor, MI 48103 | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Washtenaw County | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

**5. Debtor's website (URL)**  
www.norcold.com

**6. Type of debtor**  
☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
☐ Partnership (excluding LLP)  
☐ Other. Specify: _____

Debtor    Norcold LLC    Case number (*if known*)
     Name

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply*

- ☐ Tax-exempt entity (as described in 26 U.S.C. §501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    4237

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☒ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- ☒ No
- ☐ Yes

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- ☒ No
- ☐ Yes

Debtor  Norcold LLC  
Name

Case number (*if known*) _____

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | When | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
   Contact name _____
   Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☒ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

| Debtor | Norcold LLC | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     11/3/2025
                MM / DD / YYYY

**X** /s/ Richard Wu                                         Richard Wu
Signature of authorized representative of debtor             Printed name

Title    Chief Restructuring Officer

**18. Signature of attorney**

**X** /s/ Sean M. Beach                                      Date    11/3/2025
Signature of attorney for debtor                                     MM / DD / YYYY

Sean M. Beach
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 N. King Street
Wilmington, DE 19801
Number, Street, City, State & ZIP Code

Contact phone    302-571-6600        Email address    sbeach@ycst.com

DE 4070
Bar number and State

## WRITTEN CONSENT OF THE MANAGER OF NORCOLD LLC

November 2, 2025

The undersigned, constituting the non-member Manager (the "Manager") of Norcold LLC, a Delaware limited liability company (the "Company") hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent as of the date hereof, and direct that this writing be filed with the minutes of the proceedings of the Company:

**WHEREAS**, management of the Company is vested in the non-member Manager pursuant to Section 8 of the Limited Liability Agreement of the Company dated December 22, 2021 (as amended by that certain First Amendment, dated September 25, 2025, and Second Amendment, dated September 30, 2025, and as may be further amended, modified, or supplemented from time to time, the "LLC Agreement") and Section 18-402 of the Delaware Limited Liability Company Act (the "LLC Act");

**WHEREAS**, pursuant to the LLC Act, the Manager of the Company is authorized to take any action, required or permitted to be taken at a meeting of the Managers, without a meeting, if the Manager consents to the action in writing describing the action taken, signed by the Manager;

**WHEREAS**, the Manager has reviewed and considered the financial and operational condition of the Company, and the Company's business on the date hereof, including the assets of the Company, and current and long-term liabilities of the Company, and the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for the Company under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Manager has determined that it is in the best interests of the Company and the Company's respective stakeholders, creditors, members, partners, and other interested parties to commence a case under the provisions of chapter 11 of the Bankruptcy Code, and the Manager of the Company has consented to the filing of voluntary petition under the provisions of chapter 11 of the Bankruptcy Code.

**NOW THEREFORE, BE IT:**

### APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

**RESOLVED**, that Richard Wu of Alvarez & Marsal North America, LLC ("A&M") is hereby appointed as the Chief Restructuring Officer (the "CRO") of the Company; and it is

### COMMENCEMENT AND PROSECUTION OF CHAPTER 11 CASE

**FURTHER RESOLVED**, that, in the judgment of the Manager, after consultation with the management and the legal and financial advisors of the Company, it is desirable and in the best interests of the Company and the Company's respective creditors, stakeholders, partners, members, and other interested parties that the Company commence bankruptcy proceedings (the "Chapter 11 Case") by filing voluntary petition (the "Petition") for relief under chapter 11 of the

Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of, the execution, delivery, and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and hereby are, authorized, approved, and adopted in all respects; and it is

**FURTHER RESOLVED**, that any officer (including, for the avoidance of doubt, the CRO) (the "Authorized Officers") be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, (i) to execute, modify (as necessary or desirable), and verify the Petition and all documents ancillary thereto, to cause such Petition and all documents ancillary thereto to be filed in the Bankruptcy Court to commence the Chapter 11 Case, and to make or cause to be made prior to the execution thereof any modifications to such Petition or documents ancillary thereto and (ii) to execute, modify (as necessary or desirable), verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, advisable, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is

**FURTHER RESOLVED**, that the Authorized Officers of the Company be, and hereby are, authorized, directed and empowered, in the name of and on behalf of the Company, to pay all expenses, including advisors' fees and retainers, taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Officer's judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all such payments to be conclusive evidence of such approval and that such Authorized Officer deemed the same to be so necessary, appropriate, desirable or advisable; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Officer, shall be necessary, appropriate, advisable, or desirable to prosecute a successful completion of the Chapter 11 Case and to effectuate the restructuring or liquidation of the Company's debts, other obligations, organizational form and structure and ownership of the Company, all consistent with the resolutions herein and to carry out and put into effect the purposes of which the resolutions herein, and the transactions contemplated by such resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is

## CHAPTER 11 PROFESSIONALS

**FURTHER RESOLVED**, that, in connection with the Chapter 11 Case, the Authorized Officers, be, and hereby are, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, on behalf of the

2

Company, that such Authorized Officer deems necessary, appropriate, advisable, or desirable in connection with, or in furtherance of, the Chapter 11 Case and the transactions contemplated thereby (such acts to be conclusive evidence that such Authorized Officer deemed the same to meet such standard); and it is

**FURTHER RESOLVED**, that the firm Young Conaway Stargatt & Taylor, LLP ("Young Conaway") be and hereby is, authorized, directed, and empowered to represent the Company as bankruptcy counsel to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Case; and in connection therewith, the Authorized Officers be, hereby are, with power of delegation, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is

**FURTHER RESOLVED**, that A&M be and hereby is, authorized, directed, and empowered to provide Mr. Wu to serve as the CRO and to provide additional staff to the Company and assist the Company in carrying out the Company's duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and hereby are, with power of delegation, authorized, directed, and empowered to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate motion for authority to retain the services of Mr. Wu and A&M; and it is

**FURTHER RESOLVED**, that the firm Stretto, Inc. ("Stretto") be and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent and administrative advisor to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and hereby are with power of delegation, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Stretto; and it is

**FURTHER RESOLVED**, that the firm Hilco Corporate Finance, LLC ("Hilco") be and hereby is, authorized, directed, and empowered to serve as investment banker to assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers be, and hereby are with power of delegation, authorized, directed, and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of Hilco; and it is

**FURTHER RESOLVED**, that each of the aforementioned law firms, advisors, and other professionals retained by the Company is hereby authorized to take any and all actions necessary,

appropriate, advisable, or desirable to advance the Company's rights and obligations and facilitate the commencement of the Chapter 11 Case; and it is

## PLAN, DISCLOSURE STATEMENT, AND RESTRUCTURING DOCUMENTS

**FURTHER RESOLVED,** that the Authorized Officers be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, as debtor and debtor in possession under chapter 11 of the Bankruptcy Code, be, and hereby is, authorized to: (i) execute and deliver a chapter 11 plan having terms substantially similar to those presented to the Manager on or prior to the date hereof and as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "Plan"), associated disclosure statement (the "Disclosure Statement"), and any associated documents and solicitation materials, and consummate, and perform under, the transactions contemplated therein as may be further approved, modified or amended by any Authorized Officer, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Company (the "Restructuring Transactions"); and (ii) pay related fees and expenses as may be deemed necessary or desirable by any Authorized Officer in connection with the Plan or Disclosure Statement and the Restructuring Transactions; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed in the name of and behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver, and verify the Plan and Disclosure Statement, and such agreements, certificates, notices, and any and all other documents as any Authorized Officer may deem necessary or appropriate in connection with the Plan, the Disclosure Statement, and any other related documents, including any engagement letters, commitment letters, fee letter or other documents in connection with the incurrence of indebtedness contemplated thereby (the "Restructuring Documents") and the Restructuring Transactions; (ii) the Restructuring Documents containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or desirable by any Authorized Officer are hereby approved; (iii) any Authorized Officer be, and hereby is, authorized and directed in the name of and on behalf of the Company, as debtor and debtor in possession, to authorize counsel to draft, file, and seek approval of the Restructuring Documents, including approval of the Disclosure Statement and confirmation of the Plan; and (iv) the actions of any Authorized Officer taken pursuant to these resolutions, including the execution, acknowledgement, delivery, and verification of all Restructuring Documents and all related agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Officer's approval thereof and the necessity or desirability thereof; and it is

## DEBTOR-IN-POSSESSION FINANCING

**FURTHER RESOLVED**, that, in connection with the Chapter 11 Case, the Authorized Officers be, and hereby are, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for debtor-in-possession financing (the "DIP Loan") and the documents ancillary and related thereto (the "DIP Loan Documents"); and it is

4

**FURTHER RESOLVED**, the Authorized Officers be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to approve the form, terms, and provisions of the DIP Loan, including the use of proceeds to provide liquidity for the Company during the pendency of the Chapter 11 Case and such other uses as described in the DIP Loan and the DIP Loan Documents or that may be necessary, appropriate, advisable, or desirable in connection with the DIP Loan and the transactions contemplated thereby or otherwise contemplated by the DIP Loan or by any such other DIP Loan Document; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file, or record, and perform the obligations arising under the DIP Loan and any other DIP Loan Document, together with such other documents, agreements, instruments, and certificates as may be required by the DIP Loan and any other DIP Loan Document, in accordance with the terms hereof; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Loan and any other DIP Loan Document or any related documents or instruments which shall, in the Authorized Officers' sole judgment, be necessary, appropriate, advisable, or desirable; and it is

### STALKING HORSE APA

**FURTHER RESOLVED**, that it is in the best interest of the Company to enter into the proposed Asset Purchase Agreement (together, with all exhibits, schedules, and other attachments thereto or incorporated therein by reference, the "Stalking Horse APA"), by and between the entity identified by Dave Carter & Associates, Inc. as purchaser (the "Stalking Horse Bidder"), and the Company as seller, on the terms and conditions substantially similar to those set forth in the form of Stalking Horse APA; and it is

**FURTHER RESOLVED**, that the form, terms, and provisions of the Stalking Horse APA, and any other agreements, instruments, documents, or certificates required to effect the purposes of the Stalking Horse APA, are authorized and approved, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, the taking or execution thereof by an Authorized Officer being conclusive evidence of the approval thereof by such Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name of and on behalf of the Company to enter into, execute, and deliver the Stalking Horse APA with the Stalking Horse Bidder, subject to the Company receiving higher or better offers through a court-supervised auction process pursuant to section 363 of the Bankruptcy Code; and it is

**FURTHER RESOLVED**, that each Authorized Officer be, and each of them hereby is, acting singly or in any combination, authorized, empowered, and directed, in the name of and on behalf of the Company to execute and file all schedules, lists, and other motions, papers, or

documents, and any other agreements or amendments related thereto or required thereby in respect of the sales of certain or all of the assets of the Company and certain affiliates pursuant to sections 105, 363, and 365 of the Bankruptcy Code (the "Section 363 Sale"), and to take any and all action that they deem necessary, appropriate, advisable, or desirable to effect the Section 363 Sale, the taking or execution thereof by such Authorized Officer being conclusive evidence of the approval and determination thereof by such Authorized Officer and the Company; and it is

**SALE PROCESS**

**FURTHER RESOLVED**, that in connection with the Chapter 11 Case, the Authorized Officers be, and each of them, acting alone, hereby is, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company, to commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, acting alone, hereby is, authorized, empowered, and directed, with full power of delegation, in the name of and on behalf of the Company to continue the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court and further authorization of Manager of any such sale; and it is

**GENERAL AUTHORIZATION AND RATIFACTION**

**FURTHER RESOLVED**, that the Authorized Officers be, hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Officer performing or executing the same shall approve, the taking or execution thereof by such Authorized Officer being conclusive evidence of the approval thereof by such Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, hereby are, authorized, empowered, and directed, in the name of and on behalf of the Company, to take such actions and execute and deliver such documents as may be required or as such Authorized Officer may determine to be necessary, appropriate, advisable, or desirable to carry out the intent and purpose of the resolutions herein or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as such Authorized Officer shall approve, the taking or execution thereof by such Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Company; and it is

**FURTHER RESOLVED**, that all documents, agreements, and instruments executed and delivered, and any and all acts, actions, and transactions relating to the matters contemplated by the resolutions herein done in the name of and on behalf of the Company, which acts and transactions would have been authorized and approved by the resolutions herein except that such acts and transactions were taken before the adoption of these resolutions, be, and they are hereby are, in all respects confirmed, approved, and ratified; and it is

**FURTHER RESOLVED**, that the Authorized Officers be, hereby are, authorized to bind the Company for the purposes of the resolutions herein, and it is

**FURTHER RESOLVED**, that these resolutions may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument, that facsimile, photostatic, Portable Document Format, or similar electronic copies of signatures to these resolutions shall be deemed to be originals and may be relied on to the same extent as the originals, and that these resolutions may be signed in any manner permitted by the LLC Act; and it is

**FURTHER RESOLVED**, that these resolutions are to be placed in the official records of the Company to document the actions set forth herein as actions taken by the undersigned Manager.

[*Signature Page Follows*]

**IN WITNESS WHEREOF**, the undersigned, constituting the Manager of the Company, hereby executed and delivered this Written Consent effective as of the date first set forth above.

**Michael Buenzow**

*/s/ Michael Buenzow*
Michael Buenzow

Title: Manager

[*Signature Page to Written Consent*]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-_____ (___) |
| Debtor. | |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby states as follows:

1. Norcold LLC is 100% owned by non-debtor Thetford LLC.[2]

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Norcold LLC (6081). For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2] Thetford LLC's mailing address is c/o Monomoy Capital Management II, L.P. 600 Third Avenue, 27th Floor, New York, NY 10016.

Fill in this information to identify the case:
Debtor name: Norcold LLC
United States Bankruptcy Court for the: District of Delaware
Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | DELLWARE ELECTRICAL APPLIANCE (HK) CO., LIMITED<br>LIUTING INTERNATIONAL AIRPORT INDUSTRIAL PARK<br>SHANGYUAN ROAD CHENGYANG DIST<br>QINGDAO CITY, 266108<br>CHINA | ATTN: MARCO JIJANG<br>TITLE: LEGAL REPRESENTATIVE<br>PHONE: +86 532 8772 6689<br>EMAIL: ARCO@DELLWARE.CN | Trade Payable | | | | $ 1,023,287 |
| 2 | ZENCARGO-FREIGHT<br>6TH FLOOR, THAVIES INN HOUSE<br>3-4 HOLBORN CIRCUS<br>LONDON, EC1N 2HA<br>UNITED KINGDOM | ATTN: LUCIE PHILLIPS<br>TITLE: CHIEF OPERATIONS OFFICER<br>PHONE: +44 20 7948 9947<br>EMAIL: LUCIE.PHILLIPS@ZENCARGO.COM | Trade Payable | | | | $ 341,491 |
| 3 | LONGOAL TECH LLC<br>2838 WHISPERING OAKS DR<br>BUFFALO GROVE, IL 60089<br>UNITED STATES | ATTN: YEXUE GAO<br>TITLE: MANAGING DIRECTOR<br>PHONE: 847-630-0645<br>EMAIL: YEXUE.GAO@LONGOAL.COM | Trade Payable | | | | $ 150,975 |
| 4 | C.H. ROBINSON<br>14701 CHARLSON RD.<br>EDEN PRAIRIE, MN 55347<br>UNITED STATES | ATTN: DAMON LEE<br>TITLE: CHIEF FINANCIAL OFFICER<br>PHONE: 952-937-8500<br>EMAIL: DAMON.LEE@CHROBINSON.COM | Trade Payable | | | | $ 99,932 |
| 5 | UTEC INC.<br>3650 WEST 200 N<br>RIVERFORK INDUSTRIAL PARK<br>HUNTINGTON, IN 46750<br>UNITED STATES | ATTN: JAMES FETTINGER<br>TITLE: SALES ACCOUNT MANAGER<br>PHONE: 260-358-0888<br>EMAIL: JAMES.FETTINGER@UTECCONTROLS.COM | Trade Payable | | | | $ 77,494 |
| 6 | MID OHIO WOOD RECYCLING<br>16289 STATE ROUTE 31<br>KENTON, OH 43226<br>UNITED STATES | ATTN: LED SMITHBERGER<br>TITLE: PRESIDENT<br>PHONE: 419-673-8470 | Trade Payable | | | | $ 20,508 |
| 7 | DEXTERSOURCE<br>11333 GENERAL DR<br>PLYMOUTH, MI 48170<br>UNITED STATES | ATTN: CHRISTIN WILLIAMS<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 877-700-3422<br>EMAIL: CHRISTIN@DEXTERSOURCE.COM | Trade Payable | | | | $ 17,956 |
| 8 | WODE ELECTRICAL CO., LTD<br>TAIKAI 6 FOLLOR<br>XIANGYANG INDUSTRIAL ZONE, LIUSHI<br>YUEQING ZHEJIANG, CHINA | PHONE: +86 577 6260 2806<br>EMAIL: WODE@WODEPS.COM | Trade Payable | | | | $ 16,137 |
| 9 | CSA GROUP<br>8501 EAST PLEASANT VALLEY ROAD<br>CLEVELAND, OH 44131-5575<br>UNITED STATES | ATTN: DAVID WEINSTEIN<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 416-747-4002<br>EMAIL: DAVID.WEINSTEIN@CSAGROUP.ORG | Trade Payable | | | | $ 15,155 |
| 10 | OLAN PLASTICS INC.<br>6550 OLAN DR<br>CANAL WINCHESTER, OH 43110<br>UNITED STATES | ATTN: JAMES LONG<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 614-834-6526<br>EMAIL: JAMES.LONG@OLANPLASTICS.COM | Trade Payable | | | | $ 12,131 |
| 11 | KZRV, LP<br>0985 N 900 WEST<br>SHIPSHEWANA, IN 46565<br>UNITED STATES | ATTN: RYAN ZOOK<br>TITLE: DIRECTOR OF PURCHASING<br>PHONE: 260-768-4016<br>EMAIL: RZOOK@KZ-RV.COM | Customer Refund | | | | Undetermined |
| 12 | OUTLAW CONVERSIONS<br>1000 AIRPORT RD<br>STEPHENVILLE, TX 76401<br>UNITED STATES | ATTN: JOHN WALKER<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 254-968-5733 | Customer Refund | | | | Undetermined |
| 13 | ROBERTSHAW CONTROLS COMPANY<br>1222 HAMILTON PKWY<br>ITASCA, IL 60143<br>UNITED STATES | ATTN: JOHN HEWITT<br>TITLE: CHIEF EXECUTIVE OFFICER<br>PHONE: 630-260-3400<br>EMAIL: JOHN.HEWITT@ROBERTSHAW.COM | Contract Claim | Contingent | | | Undetermined |
| 14 | ELECTRICAL COMPONENTS INTERNATIONAL<br>12415 ROJAS DR<br>EL PASO, TX 79928<br>UNITED STATES | ATTN: KEVIN SCHWANZ<br>TITLE: CHIEF TECHNOLOGY OFFICER<br>PHONE: 915-217-2700<br>EMAIL: KEVIN.SCHWANZ@ECINTL.COM | Contract Claim | Contingent | | | Undetermined |
| 15 | TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA AS SUBROGEE OF BALDI BROS INC.<br>C/O SUSAN E. KIRKGAARD OF LAW OFFICES OF JOHN A. BAIRD<br>P.O. BOX 64093<br>ST. PAUL, MN 64093<br>UNITED STATES | ATTN: SUSAN E. KIRKGAARD<br>TITLE: ATTORNEY<br>PHONE: 916-638-6579<br>EMAIL: SKIRKGAA@TRAVELERS.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 16 | KRISTINA STRACKE<br>C/O JAMES A. ALDERSON OF ALDERSON LAW FIRM<br>14350 CIVIC DRIVE SUITE 280<br>VICTORVILLE, CA 92392<br>UNITED STATES | ATTN: JAMES A. ALDERSON<br>TITLE: ATTORNEY<br>PHONE: 760-245-1818<br>EMAIL: ALDERSONLAWFIRM@GMAIL.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 17 | PROGRESSIVE DIRECT INSURANCE COMPANY AS SUBROGEE OF ITS INSURED KUNHUOR HAK<br>C/O SALLY NOMA OF NOMA LAW FIRM A.P.C.<br>505 14TH STREET STE 900<br>OAKLAND, CA 94612<br>UNITED STATES | ATTN: SALLY NOMA<br>TITLE: ATTORNEY<br>PHONE: 415-493-0755<br>EMAIL: SALLY@NOMALAW.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | KENNETH JONES<br>C/O MICHAEL WOODSON OF EDMONDS COLE LAW FIRM, P.C.<br>7 S. MICKEY MANTLE DRIVE, STE 375<br>OKLAHOMA CITY, OK 73104<br>UNITED STATES | ATTN: MICHAEL WOODSON<br>TITLE: ATTORNEY<br>PHONE: 405-272-0322<br>EMAIL: MWOODSON@EDMONDSCOLE.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 19 | HOMESITE INSURANCE COMPANY AS SUBROGEE OF TRACI MARX AND RAYMOND MARX<br>C/O TERRENCE A. BEARD OF LAW OFFICES OF TERRENCE A. BEARD<br>PO BOX 1599<br>SUTTER CREEK, CA 95685<br>UNITED STATES | ATTN: TERRENCE A. BEARD<br>TITLE: ATTORNEY<br>PHONE: 925-778-1060<br>EMAIL: TBEARD1053@AOL.COM | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 20 | ERIC KLEIN<br>C/O EMILY M. GETTUM OF WHITTEN LAW OFFICE<br>16801 GRAY ROAD SUITE H<br>INDIANAPOLIS, IN 46237<br>UNITED STATES | ATTN: EMILY M. GETTUM<br>TITLE: ATTORNEY<br>PHONE: 317-362-0225<br>EMAIL: EGETTUM@INDYCOUNSEL.COM | Workers Compensation Claim | Contingent | | | Undetermined |

**Fill in this information to identify the case:**

Debtor name: Norcold LLC

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/3/2025            X  /s/ Richard Wu
                                       Signature of individual signing on behalf of debtor

                                       Richard Wu
                                       Printed name

                                       Chief Restructuring Officer
                                       Position or relationship to debtor