IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | Hearing Date: January 28, 2026 at 2:00 p.m. (ET)<br>Objection Deadline: January 15, 2026 at 4:00 p.m. (ET) |

**NOTICE OF (A) PROPOSED SALE ORDER AND (B) SUPPLEMENT TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING THE DEBTOR'S ENTRY INTO THE STALKING HORSE APA, (C) SCHEDULING AN AUCTION AND A SALE HEARING AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES AND (E) GRANTING RELATED RELIEF; AND (II)(A) APPROVING THE SALE OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (C) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor in possession (the "Debtor"), pursuant to (a) sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 6004-1, and 9006-1 and (b) the *Order (I) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (II) Authorizing the Debtor's Entry Into the Stalking Horse APA, (III) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (IV) Approving Assumption and Assignment Procedures and (V) Granting Related Relief* [Docket No. 127] (the

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Norcold LLC (6081). For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

"Bidding Procedures Order"),[2] respectfully (i) attaches hereto as **Exhibit A** a proposed form of order approving the Sale (the "Proposed Sale Order"), which remains subject to ongoing review and revision in all respects, and (ii) submits this supplement (this "Supplement") to the *Debtor's Motion for Entry of an Order (I)(A) Approving Bidding Procedures for the Sale of All or Substantially All of the Debtor's Assets, (B) Authorizing the Debtor's Entry Into the Stalking Horse APA, (C) Scheduling an Auction and a Sale Hearing and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures and (E) Granting Related Relief; and (II)(A) Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests and Encumbrances, (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases and (C) Granting Related Relief* [Docket No. 17] (the "Sale Motion"), which is incorporated herein by reference. In further support of the Supplement, the Debtor respectfully represents as follows:

## SUPPLEMENT

1. On November 3, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor commenced this chapter 11 case to implement a sale of all or substantially all of its assets. To that end, on the Petition Date, the Debtor filed the Sale Motion and the *Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 20] (the "Plan"). Together, the Sale Motion and Plan provide a path for the Debtor to continue prepetition marketing efforts while also establishing a mechanism to distribute sale proceeds and wind down the Debtor's affairs in an efficient and value-maximizing manner.

---

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Bidding Procedures Order.

2.      To provide certainty with respect to this chapter 11 case and provide a price floor for the Debtor's assets, the Debtor engaged in extensive negotiations with its primary stakeholders and reached an agreement for Dave Carter & Associates, Inc. ("DCA") to serve as the stalking horse bidder subject to higher or otherwise better bids received during the auction process. DCA also agreed to provide a $13 million new money debtor-in-possession financing facility (the "DIP Facility") that provides the Debtor the necessary runway to continue its marketing efforts and ensure that the Assets are sold for the highest and best value. The Stalking Horse APA (as defined in the Sale Motion) contemplates a credit bid for a purchase price of $13 million, consisting of all outstanding obligations under the DIP Facility. As part of the purchase price, DCA has also agreed to assume certain liabilities (including contract cure costs) and leave behind cash to conclude this chapter 11 case and fund a liquidating trust established through the Plan that will wind down the Debtor's estate post-sale.

3.      As described further in the Sale Motion, Plan, and the Plan's accompanying Disclosure Statement,[3] the Debtor contemplated that it would conduct a postpetition marketing and sales process for the purpose of soliciting, receiving, and considering offers from third parties (the "Alternative Sale Process"). If the Debtor received a higher or otherwise better offer than the Stalking Horse APA that prevailed at the Court-established auction date, then the Debtor would seek approval of such transaction pursuant to section 363 of the Bankruptcy Code. If no competing offers were received through the Alternative Sale Process, the Debtor planned to consummate the Stalking Horse APA through the Plan on the originally proposed timeline, subject to Court approval.

---

[3] On the Petition Date, the Debtor also filed the *Disclosure Statement for the Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No 21] (as may be amended, modified or supplemented, the "Disclosure Statement").

3

4. The Debtor scheduled a hearing for December 11, 2025, for the Court to consider the bidding procedures for the Debtor's assets, the solicitation of the Plan, and final approval of the DIP Facility. Leading to that date, the Debtor maintained an open dialogue with its primary stakeholders and creditors, as well as the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). On November 22, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"). The Debtor worked through numerous issues with the U.S. Trustee and Committee, and, under certification of counsel, the Debtor submitted proposed forms of order approving the bidding procedures and the DIP Facility on a final basis. The Court entered both orders, approving (among other things) DCA as the DIP lender and stalking horse bidder, as well as scheduling a hearing (the "Sale Hearing") for January 28, 2026, to consider the sale of substantially all of the Debtor's assets.

5. At the Committee's request, the Debtor agreed to adjourn the consideration of the proposed order approving the Disclosure Statement and solicitation procedures to January 13, 2026 (the "Disclosure Statement Hearing") upon agreement with the Committee that the Sale Hearing to DCA or alternative bidder would be set for January 28, 2026, subject to the Committee reserving its rights to object. Pursuant to the Bidding Procedures Order, the Debtor has continued to market its assets, and the Bid Deadline is January 15, 2026. The Debtor intends to seek approval of the Sale to DCA or an Alternative Sale Transaction at the Sale Hearing.

6. Attached hereto as **Exhibit A** is a proposed form of Sale Order approving the Sale to DCA. If the Debtor receives other Qualified Bids, conducts an auction, and determines that another Qualified Bid(s) is/are higher or otherwise better, the Debtor will submit a revised form of Sale Order in advance of the Sale Hearing.

**NOTICE**

7.      The Debtor will provide notice of this Supplement to the following parties: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the administrative agent under the Debtor's prepetition credit facility; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; (vii) counsel to the DIP Lender; (viii) the state attorneys general for states in which the Debtor conducts business; (ix) regulatory agencies having a regulatory or statutory interest in the chapter 11 case; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

8.      A copy of this Supplement is available on (i) the Court's website, at https://www.deb.uscourts.gov, and (ii) the website maintained by the Debtor's proposed claims and noticing agent, Stretto, Inc., at https://cases.stretto.com/Norcold.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: January 7, 2026<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Jared W. Kochenash*<br>Sean M. Beach (No. 4070)<br>Matthew B. Lunn (No. 4119)<br>Jared W. Kochenash (No. 6557)<br>Daniel Trager (No. 7465)<br>Roger L. Sharp (No. 7454)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Emails: sbeach@ycst.com<br>   mlunn@ycst.com<br>   jkochenash@ycst.com<br>   dtrager@ycst.com<br>   rsharp@ycst.com<br><br>*Counsel for the Debtor and Debtor in Possession* |