**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NORCOLD LLC,[1]<br><br>                      Debtor. | Chapter 11<br><br>Case No. 25-11933 (TMH)<br><br>Ref. Docket No. 53 |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES; (C) APPROVING THE FORM OF BALLOT AND SOLICITATION MATERIALS; (D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME, AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the Debtor for entry of an order (this "Order"):  (a) approving the Disclosure Statement; (b) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan; (c) approving the forms of ballots and solicitation materials; (d) establishing a voting record date; (e) fixing the date, time, and place for the Confirmation Hearing and establishing the deadline for filing objections related thereto; and (f) granting related relief; and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AS FOLLOWS:**

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order.

B. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

C. This Court may, consistent with Article III of the United States Constitution, issue a final order in connection with the Motion.

D. Venue of the proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

E. The relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest.

F. The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties, complies with Bankruptcy Rules 2002 and 3017, and no other or further notice need be provided.

G. The forms of ballots attached hereto as **Exhibits 1-A**, **1-B**, and **1-C** (the "Ballots"): (i) are consistent with Official Form No. 314; (ii) adequately address the particular needs of the Chapter 11 Case; (iii) are appropriate for the Voting Classes; and (iv) comply with Bankruptcy Rule 3017(d).

H. The Ballots need not be provided to Holders of Claims or Interests in the Non-Voting Classes (set forth below), as such Non-Voting Classes are either (i) Unimpaired and are conclusively presumed to have accepted the Plan in accordance with section 1126(f) of the Bankruptcy Code or (ii) Impaired but will neither retain nor receive any property under the Plan and, thus, are conclusively deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |

| 6 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

I. The period during which the Debtor may solicit votes to accept or reject the Plan, as established by this Order, provides sufficient time for the Holders of Claims in the Voting Classes to make an informed decision to accept or reject the Plan and submit Ballots in a timely fashion, and the solicitation provided by this Order is consistent with section 1126 of the Bankruptcy Code.

J. The Tabulation Procedures (as defined herein) for the solicitation and tabulation of votes to accept or reject the Plan, as approved herein, provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

K. The contents of the Solicitation Package and the procedures for providing notice of the Confirmation Hearing and the other matters set forth in the Confirmation Hearing Notice, under the circumstances, constitute sufficient notice to all interested parties in accordance with Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

L. In addition to serving the Confirmation Hearing Notice as provided for herein, the Debtor shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter. The publication of the Confirmation Hearing Notice will provide sufficient notice to persons who do not otherwise receive the Confirmation Hearing Notice by mail or e-mail.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

**APPROVAL OF THE DISCLOSURE STATEMENT AND THE DISCLOSURE STATEMENT HEARING NOTICE**

2. The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved. The Debtor is authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Package to solicit votes on, and pursue Confirmation of, the Plan.

3. The Disclosure Statement Hearing Notice attached hereto as **Exhibit B** is approved.

**APPROVAL OF THE CONFIRMATION TIMELINE**

4. This Court will conduct the Confirmation Hearing regarding confirmation of the Plan on **February 19, 2026 at 11:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than by (a) announcing any adjourned date at any hearing (including status conferences) or (b) filing a notice on the docket of the Chapter 11 Case, which notice may be a hearing agenda.

5. The following dates and deadlines, are hereby approved:

| Event | Proposed Date |
| --- | --- |
| Voting Record Date | January 23, 2026 |
| Date by Which Solicitation Packages, Confirmation Hearing Notice, and Notice of Non-Voting Status (each as defined below) will be Mailed | No later than January 15, 2026 (On or before two business days after entry of the Proposed Solicitation Procedures Order) |
| Deadline to Object to Claims for Voting Purposes | January 27, 2026 at 4:00 p.m. |
| Deadline to file Rule 3018 Motions | February 5, 2026 at 4:00 p.m. |
| Deadline to File Plan Supplement | February 5, 2026 |
| Deadline to Reply to Claim Objections for Voting Purposes | February 10, 2026 (14 days after service of objection) |

| | |
|---|---|
| Deadline for Debtor to File Objections to Rule 3018 Motions | February 12, 2026 |
| Voting Deadline | February 12, 2026 at 4:00 p.m. (ET) |
| Deadline to Object to Confirmation | February 12, 2026 at 4:00 p.m. (ET) |
| Deadline to File Brief, Replies, and Declarations in Support of the Plan, the Proposed Confirmation Order, and the Voting Report | February 17, 2026 at 12:00 p.m. (ET) (or prior to noon two business days prior to any adjourned Confirmation Hearing) |
| Confirmation Hearing | February 19, 2026 at 11:00 a.m. (ET) |

## APPROVAL OF THE SOLICITATION PROCEDURES

6. The Ballots, in substantially the forms attached hereto as **Exhibits 1-A**, **1-B**, and **1-C** are approved.

7. The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit 2**, is approved.

8. The Notice of Non-Voting Status, in substantially the form attached hereto as **Exhibit 3**, is approved.

9. Pursuant to Bankruptcy Rules 3018(a) and 3017(d), **January 23, 2026** shall be the record date for purposes of determining which Holders of Claims are entitled to receive Solicitation Packages and vote on the Plan (the "Voting Record Date").

10. With respect to any transferred Claim, the transferee shall only be entitled to receive and cast a Ballot on account of such transferred Claim if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date (including, without limitation, the passage of any applicable objection period) or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by

Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

11. On or prior to the date that is two (2) business days following entry of this Order (the "Service Date"), the Notice and Claims Agent shall mail the Solicitation Package to the Holders of Claims in the Voting Classes, as of the Voting Record Date, containing copies of: (a) the Confirmation Hearing Notice; (b) instructions for accessing the Disclosure Statement, the Plan, and this Order and for obtaining paper copies of the Disclosure Statement, the Plan, and this Order from the Notice and Claims Agent; (c) the applicable Ballot; and (d) a pre-paid, pre- addressed return envelope. The Debtor shall be excused from distributing Solicitation Packages to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtor receives written notice of accurate addresses for such persons or entities prior to the Voting Record Date, in which case the Debtor shall mail the Solicitation Package to the new address. The Debtor and the Notice and Claims Agent are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Confirmation Hearing Notice.

12. On or prior to the Service Date, the Notice and Claims Agent shall mail the Confirmation Hearing Notice to the following parties, to the extent such parties are not otherwise entitled to receive a Solicitation Package or a Notice of Non-Voting Status: (a) all persons or entities that have filed or are deemed to have filed a Proof of Claim or request for allowance of Claim as of the Voting Record Date; (b) all persons or entities listed on the Schedules as holding a Claim or potential Claim; (c) the Securities and Exchange Commission and any regulatory agencies with oversight authority of the Debtor; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) all entities known by the Debtor to hold

or assert a lien or other interest in the Debtor's property; and (g) any other parties that have requested notice pursuant to Bankruptcy Rule 2002.

13. The Debtor shall cause the Confirmation Hearing Notice, as may be modified for publication, to be published once in the national edition of the *New York Times* or other nationally circulated publication within five (5) business days of the entry of this Order, or as soon as reasonably practicable thereafter.

14. On or prior to the Service Date, the Notice and Claims Agent shall mail the Notice of Non-Voting Status to the Holders of Claims or Interests in the Non-Voting Classes.

15. To be counted as a vote to accept or reject the Plan, a Ballot must be properly executed, completed, and delivered to the Notice and Claims Agent in accordance with the instructions on the Ballot so that it is actually received no later than **4:00 p.m. (prevailing Eastern Time) on February 12, 2026** (the "Voting Deadline").

16. Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

(i) Holders of Claims who, on or before the Voting Record Date, have timely filed a Proof of Claim in the Chapter 11 Case that has not been expunged, disallowed, disqualified, withdrawn, or superseded on or before the Voting Record Date; *provided*, *however*, that Proofs of Claim filed after the Voting Record Date shall not be counted for voting purposes and shall not entitle the respective Holders to receive a Ballot or cast a vote on the Plan, regardless of whether such Proofs of Claim are ultimately deemed timely filed under applicable law;

(ii) Holders of Claims that are listed in the Debtor's Schedules filed on the docket of the Chapter 11 Case, *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a Proof of Claim timely filed on or before the Voting Record Date) shall be allowed to vote only in the amounts set forth below in paragraph 17 of this Order; for the avoidance of doubt, if any Holder files a Proof of Claim after the Voting Record Date but prior to the applicable bar date, such Proof of Claim shall be valid for purposes of allowance of distribution under the Plan, but shall not be considered for voting purposes, as the claims register maintained in the Chapter 11 Case (the

7

"<u>Claims Register</u>") will be fixed as of the Voting Record Date for tabulation purposes;

(iii) Holders whose Claims arise: (i) pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Bankruptcy Court; (ii) from an order entered by the Bankruptcy Court; or (iii) from a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed or the Claim was scheduled as contingent, unliquidated, or disputed;

(iv) Holders of any Claim that has been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

(v) with respect to any entity described in subparagraphs (i) through (iv) above, who, on or before the Voting Record Date, has transferred such entity's Claim to another entity, the assignee of such Claim; provided that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

17. Each Holder of a Claim in the Voting Classes shall be entitled to vote the amount of its Claim as of the Voting Record Date. The following procedures in the subsequent paragraph shall be utilized in tabulating the votes to accept or reject the Plan (the "<u>Tabulation Procedures</u>"). Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, any Claim, and without prejudice to the rights of the Debtor and its estate in any other context, the temporarily allowed amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

- If, on or before the Voting Record Date, a Claim is deemed allowed under the Plan, an order of the Court, or a stipulated agreement between the parties, such Claim will be allowed for voting purposes in the deemed allowed amount set forth therein;

- If a Claim for which a Proof of Claim was timely filed as of the Voting Record Date is liquidated, non-contingent, and undisputed, or was listed in the Debtor's Schedules as of the Voting Record Date in an amount that is liquidated, non-contingent, and undisputed, such Claim is allowed for voting purposes in the amount set forth on the Proof of Claim, or if no Proof of Claim was timely filed on or before the Voting Record Date, the amount set forth in the Schedules;

- If a Claim for which a Proof of Claim has been timely filed on or before the Voting Record Date for unknown or undetermined amounts, or is wholly unliquidated or wholly contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), and such Claim has not been allowed, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00;

- If a Claim for which a Proof of Claim has been timely filed on or before the Voting Record Date is partially unliquidated or partially contingent (as determined on the face of the Claim or after a reasonable review of the supporting documentation by the Notice and Claims Agent), such Claim is allowed in the amount that is liquidated and non-contingent for voting purposes only, and not for purposes of allowance or distribution;

- If a Claim is listed on the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not filed by the Voting Record Date, such Claim shall be disallowed for voting purposes;

- Proofs of Claim filed for $0.00 are not entitled to vote;

- If the Debtor, the Committee, or another party in interest has served an objection or request for estimation as to a Claim by January 27, 2026 at 4:00 p.m. (prevailing Eastern time), such Claim is temporarily disallowed for voting purposes only, and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in such objection, or as ordered by the Court before the Voting Deadline; provided that such creditor shall have the right to file a Rule 3018 Motion as defined below pursuant to this Order.

- For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one (1) Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

- Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one (1) Solicitation Package and one (1) Ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims; and

- If a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amending Proof of Claim shall be entitled to vote in a manner consistent with these Tabulation Procedures, and the earlier filed Proof of Claim shall be disallowed for voting purposes, regardless of whether the Debtor has objected to such

9

amended Proof of Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these Tabulation Procedures.

**Voting Rules**

- Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Debtor, in consultation with the Committee; provided that any such extensions shall be disclosed in the voting report (the "Voting Report") submitted by the Claims and Noticing Agent;

- Any Ballots that are illegible or contain insufficient information to permit the identification of the claimant will not be counted;

- Any Ballots cast by a person or entity that does not hold a Claim in the Voting Classes as of the Voting Record Date will not be counted;

- Any unsigned Ballots will not be counted, provided that Ballots validly submitted through the E-Balloting Portal will be deemed signed;

- Any Ballots transmitted to the Notice and Claims Agent by facsimile or other electronic means (other than through the E-Balloting Portal) will not be counted; provided that that the Notice and Claims Agent shall inform such parties that such Ballot is invalidly transmitted and the Notice and Claims Agent shall direct such parties to the Tabulation Procedures;

- Any Ballots that do not indicate an acceptance or rejection of the Plan, or that indicate both an acceptance and rejection of the Plan, will not be counted;

- Whenever a claimant casts more than one (1) Ballot voting the same Claim prior to the Voting Deadline, only the latest-filed valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior Ballots;

- If a claimant casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted;

- Subject to the other Tabulation Procedures, each claimant will be deemed to have voted the full amount of its Claim as set forth on its Ballot;

- Claimants may not split their vote within a Class; thus, each claimant will be required to vote all of its Claims within the Class either to accept or reject the Plan, and any votes that are split will not be counted; and

- Subject to any contrary order of the Court, the Debtor, in consultation with the Committee, further reserves the right to waive any defects, irregularities, or conditions of delivery as to any particular Ballot; provided that any such waivers shall be disclosed in the Voting Report.

18. Upon completion of the balloting, the Notice and Claims Agent shall certify the amount and number of allowed claims of the Voting Classes accepting or rejecting the Plan, including all votes not counted and the reason for not counting such votes, and shall set forth such detail in the Voting Report. The Voting Report shall also detail which Ballots indicated an opt-out of the releases set forth in Article IX.B of the Plan.

19. If any Holder of a Claim seeks to challenge the allowance of its Claim for voting purposes in accordance with the Tabulation Procedures, such Holder must file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") no later than **February 5, 2026 at 4:00 p.m. (prevailing Eastern Time)** and serve the Rule 3018 Motion on the Debtor. The Debtor (and, with respect to filing a response, any other party in interest) shall then (a) have until February 12, 2026 to file and serve any responses to such Rule 3018 Motions, and (b) coordinate with this Court to adjudicate and resolve all pending Rule 3018 Motions prior to the Confirmation Hearing. Any Ballots submitted by a Holder of a Claim that files a Rule 3018 Motion shall be counted solely in accordance with the Tabulation Procedures and the other applicable provisions of this Order unless and until the underlying claim or interest is temporarily allowed by this Court for voting purposes in a different amount, after notice and a hearing.

20. Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party;

(c) comply with the Bankruptcy Rules and the Local Rules; and (d) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, with a copy served upon the following: (i) the Debtor, 7101 Jackson Road, Ann Arbor, MI 48103, Attn.: Richard Wu (rwu@alvarezandmarsal.com); (ii) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn.: Sean M. Beach (sbeach@ycst.com) and Matthew B. Lunn (mlunn@ycst.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn.: Linda Casey (linda.casey@usdoj.gov); (iv) counsel to the administrative agent under the Debtor's postpetition financing facility, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn.: Chris Dickerson (chris.dickerson@ropesgray.com); (v) counsel to the administrative agent under the Debtor's prepetition financing facility, McDermott Will & Schulte, 919 Third Avenue, New York, NY 10022, Attn: Adam C. Harris (adam.harris@srz.com); and (vi) counsel to the Committee, (a) Eversheds Sutherland (US) LLP, the Grace Building, 40th Floor, 1114 Avenue of the Americas, New York, NY 10036, Attn: Todd C. Meyers (toddmeyers@eversheds-sutherland.com), John Ramirez (johnramirez@eversheds-sutherland.com), and Andrew J. Polansky (andrewpolansky@eversheds-sutherland.com) and (b) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn: Lucian B. Murley (luke.murley@saul.com), so that they are received no later than **4:00 p.m. (prevailing Eastern Time) on February 12, 2026** (the "Confirmation Objection Deadline").

21. The Debtor shall, if it deems necessary in its discretion, and any other party in interest may, file a reply to any such objections or brief in support of confirmation of the Plan by no later than **12:00 p.m. (prevailing Eastern Time) on February 17, 2026** (two (2) business days prior to the date of any adjourned Confirmation Hearing).

22. The Debtor, in consultation with the Committee, is authorized to make non- substantive and ministerial changes to the Disclosure Statement, the Plan, Confirmation Hearing Notice, Ballots, and related documents without further approval of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes to any materials included in the Solicitation Package prior to their distribution.

23. The Debtor is authorized to take or refrain from taking any action necessary or appropriate to implement the terms of, and the relief granted in, this Order.

24. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

25. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, and enforcement of this Order.

**Dated: January 14th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**