**<u>EXHIBIT 1-A</u>**

**Class 3 (Prepetition Loan Guarantee Claim) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | |

**CLASS 3 (PREPETITION LOAN GUARANTEE CLAIM) BALLOT FOR VOTING
TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION
FOR NORCOLD LLC**

---

**THIRD-PARTY RELEASE**

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN (AS DEFINED BELOW) CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.**

**PLEASE BE ADVISED THAT UNDER THE PLAN YOU ARE DEEMED TO GIVE RELEASES UNLESS YOU OPT OUT OR OBJECT TO THE PLAN.  PLEASE READ THIS BALLOT IN ITS ENTIRETY AND PLEASE SEE ITEM 3 BELOW FOR MORE DETAILS ON THE RELEASES AND OPT-OUT PROCEDURES.**

**ARTICLE IX.B OF THE PLAN CONTAINS A THIRD-PARTY RELEASE.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN AS YOUR RIGHTS MAY BE AFFECTED.**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY STRETTO, INC.  ON <u>FEBRUARY 12, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE")</u>.**

---

This ballot (this "<u>Ballot</u>") is being submitted to you by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") to solicit your vote to accept or reject the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] filed by the Debtor (as it may be

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").[2]
A copy of the Plan is included in the package you are receiving with this Ballot and may be
obtained free of charge on the dedicated webpage of Stretto, Inc. (the "Notice and Claims Agent")
at https://cases.stretto.com/Norcold/ or upon request to the Notice and Claims Agent by
(a) telephone at 1 (833) 256-5483 (toll free) or (b) email at TeamNorcold@stretto.com.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if
it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of
the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the
applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances
are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan
(a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class
or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the
Bankruptcy Code.

> **Included in Item 3 of this Ballot is an Opt-Out Form related to the releases by Holders of
> Claims set forth in Article IX.B of the Plan. You are deemed to have consented to the releases
> by Holders of Claims unless you check the Release Opt-Out box under Item 3 of this Ballot,
> and complete the Acknowledgements in Item 5 of this Ballot, and return this Ballot so that it is
> actually received no later than the Voting Deadline, or timely file an objection to the releases
> by Holders of Claims.**

Your rights are further described in the *Amended Disclosure Statement for the Amended
Chapter 11 Plan of Liquidation of Norcold LLC* [Docket No. 191] (as it may be amended,
supplemented, or modified from time to time pursuant to the terms thereof, the "Disclosure
Statement"), which was included in the package you are receiving with this Ballot. Before you
vote, you should review the Disclosure Statement, Plan, and voting information and instructions
discussed below in Item 6 of this Ballot. You may wish to seek legal advice concerning the Plan
and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 3
under the Plan. If you hold Claims in more than one Class, you will receive a ballot for each Class
in which you are entitled to vote.

If a controversy arises regarding whether any Claim is properly classified under the Plan,
the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the
Confirmation Hearing. If the Court finds that the classification of any Claim is improper, then
such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall
be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the

---

[2] All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3] Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov
(a PACER account is required).

Class 3 Ballot

Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**ITEM 1.    Voting Amount.** The undersigned certifies that, as of January 23, 2026, the undersigned was a Holder of a Class 3 Prepetition Loan Guarantee Claim in the amount set forth below:

      Voting Amount (in U.S. Dollars): $ _____

**ITEM 2.    Vote on Plan.**  The undersigned Holder of the Prepetition Loan Guarantee Claim identified in Item 1 hereby votes to (check **one** box only):

      ☐   **ACCEPT** the Plan      ☐   **REJECT** the Plan

**ITEM 3.    Release Opt-Out Election.**

### IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE IN ARTICLE IX OF THE PLAN:

#### What is a "third-party release"?

The Plan includes a "third-party release."  This means that certain creditors and other parties agree not to bring lawsuits or other claims against certain non-debtor parties involved in the chapter 11 case for claims related to the Debtor and the chapter 11 case.  The release does not apply to claims based on actual intentional fraud, willful misconduct, or gross negligence, as determined by a court in a final order.

#### What happens if you do not act?

You are a "Releasing Party" under the Plan.  If you do not wish to give up your right to sue the Released Parties, you must either (i) mark the below box in this Item 3 and submit this Ballot prior to the Voting Deadline on <u>February 12, 2026 at 4:00 p.m. (ET)</u> or (ii) file an objection to the releases with the Bankruptcy Court prior to the Confirmation Objection Deadline on <u>February 12, 2026 at 4:00 p.m. (ET)</u>.  If you do not opt out of the third-party release by checking the below box or filing an objection, you will be treated as having agreed to the third-party release.  This means you will not be able to bring or continue released claims against the Released Parties.

#### What does it mean to "opt-out"?

If you opt out of the third-party release, you are not agreeing to give up your claims against the Released Parties.  Opting out preserves any claims you may have against those parties outside of this chapter 11 case, subject to applicable law.

#### Opting out does not affect your recovery under the Plan.

Whether or not you opt out of the third-party release, your treatment and recovery under the Plan will be the same.

      **AS A HOLDER OF A CLAIM IN A VOTING CLASS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN.  YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE PROVISIONS CONTAINED IN THE PLAN UNLESS YOU CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND**

3

**SUBMIT THE OPT OUT BY THE VOTING DEADLINE.  YOU MAY ALSO VALIDLY OPT OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE CONFIRMATION HEARING OBJECTION DEADLINE THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN.  THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE IX.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE IX.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH. YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN.**

☐    The undersigned elects **NOT TO GRANT (and therefore OPTS-OUT OF)** the third-party releases contained in in Article IX.B of the Plan.

**ITEM 4.    The Plan Includes Certain Release Provisions.**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS.

Article IX.B of the Plan contains the following release provision:

**Releases by Holders of Claims.  As of the Effective Date,  except as otherwise provided in this Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtor or the Estate would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtor (or the Estate), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtor and the ownership thereof, the Debtor's in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sale, or agreement or document created or entered into in connection with the Sale, the DIP Order, the DIP Credit Agreement, and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date; provided, however, that this provision shall not**

operate to waive or release any Claims or Causes of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; or (2) any obligations under or in respect of the (i) Sale Order and (ii) the Sale Documents.

As defined in Article I.A.90 of the Plan:

**"Released Party"** means, except to the extent such party is included in the Schedule of Retained Causes of Action, each of the following solely in their capacity as such: (i)  the Debtor and the Estate; (ii) the DIP Lender; (iii) the Purchaser; (iv) the Committee and its members (solely in their capacity as Committee members); (v) the Prepetition Agent; (vi) the Prepetition Lenders; and (vii) to the extent not included in the foregoing, each of the preceding entities' respective Related Parties, including the Independent Manager and any professional retained by the Debtor, DIP Lender, the Prepetition Agent, the Prepetition Lenders or the Committee.  Notwithstanding the foregoing, if any party identified in clauses (i) through (vii) elects to opt-out of the releases in the Plan, such party shall not be considered a Released Party.

As defined in Article I.A.91 of the Plan:

**"Releasing Parties"**  means, collectively, and in each case, in their respective capacities as such: (i) the Released Parties; (ii) all Holders of Claims or Interests who vote to accept the Plan and who do not opt out of the releases in the Plan; (iii) all Holders of Claims or Interests who vote to reject the Plan and who do not opt out of the releases in the Plan; and (iv) with respect to each Entity in clause (i) through (iii), each such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

Article IX.C of the Plan contains the following exculpation provision:

**Exculpation.**  Except as otherwise specifically provided in this Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date through and including the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Debtor's in court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sale, the DIP Orders and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other

5

occurrence or omission taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to this Plan to the extent permitted under applicable law.

As defined in Article I.A.43 the Plan:

"**<u>Exculpated Party</u>**" or "**<u>Exculpated Parties</u>**" means, collectively, and in each case in its capacity as such: (i) the Debtor; (ii) the managers of the Debtor and any other person serving as a fiduciary of the Debtor's Estate, in each case, who served at any time between the Petition Date and the Effective Date; (iii) the Committee and Committee members (in their capacity as such) (iv) all financial advisors, attorneys, accountants, investment bankers, and other professionals retained by the Debtor and the Committee in the Chapter 11 Case.

Article IX.D of the Plan contains the following injunction:

**<u>Injunction</u>**. Except as otherwise provided in this Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of this Plan; (2) have been released pursuant to this Plan; (3) are subject to exculpation pursuant to this Plan; or (4) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of this Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any actions to interfere with the implementation or consummation of this Plan and from commencing or continuing in any manner, any action or other proceeding on account of any such claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtor or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor  Released  Parties,  the Released  Parties,  or Exculpated  Parties  (as  applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b)  enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests ((i) other than a setoff exercised prior to the Petition Date, (ii) unless such Entity has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law; or (iii) otherwise permissible under applicable law, asserted through a timely filed or deemed timely filed proof of claim); and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to this Plan.

Class 3 Ballot

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**AS A HOLDER OF A CLAIM IN CLASS 3 UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN THE PLAN, AS SET FORTH ABOVE, IF YOU DO NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.**

**ITEM 5.    Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.  The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____                    _____
Name of Creditor                                                        Telephone Number

_____                    _____
Signature                                                                     Email Address

_____
If by Authorized Agent, Name and Title

_____                    _____
Name of Institution                                                     Date Completed

_____
Street Address

_____
City, State, Zip Code

7

Class 3 Ballot

**<u>ITEM 6.   Voting Information and Instructions for Completing this Ballot</u>**

For your vote to count, you must:

    a.   Submit your Ballot by <u>either</u>:

        i.   Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address: Norcold Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; **<u>or</u>**

        ii.   Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Notice and Claims Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, visit https://balloting.stretto.com/ and follow the instructions to submit your E-Ballot.

             •  IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

                Unique E-Ballot
                Password:_____

             •  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of this E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

             •  The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    b.   In the boxes provided in Item 2 of this Ballot, indicate **<u>either</u>** acceptance or rejection of the Plan by checking the appropriate box;

    c.   Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

    d.   **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>February 12, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>.** If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtor's discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, such Ballot will not be counted for voting purposes.

Class 3 Ballot

e.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, such Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

f.  This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Interest.

g.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

h.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

i.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE NOTICE AND CLAIMS AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

j.  IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (TEAMNORCOLD@STRETTO.COM), OR BY TELEPHONE AT 1 (833) 256-5483 (TOLL FREE).  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

Class 3 Ballot

# EXHIBIT 1-B

**Class 4 (General Unsecured Claims) Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | |

**CLASS 4 (GENERAL UNSECURED CLAIMS) BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF LIQUIDATION FOR NORCOLD LLC**

---

**THIRD-PARTY RELEASE**

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN (AS DEFINED BELOW) CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.**

**PLEASE BE ADVISED THAT UNDER THE PLAN YOU ARE DEEMED TO GIVE RELEASES UNLESS YOU OPT OUT OR OBJECT TO THE PLAN.  PLEASE READ THIS BALLOT IN ITS ENTIRETY AND PLEASE SEE ITEM 3 BELOW FOR MORE DETAILS ON THE RELEASES AND OPT-OUT PROCEDURES.**

**ARTICLE IX.B OF THE PLAN CONTAINS A THIRD-PARTY RELEASE.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN AS YOUR RIGHTS MAY BE AFFECTED.**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY STRETTO, INC.  BY THE VOTING DEADLINE OF <u>FEBRUARY 12, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>.**

---

This ballot (this "<u>Ballot</u>") is being submitted to you by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") to solicit your vote to accept or reject the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] filed by the Debtor (as it may be

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Plan").[2] A copy of the Plan is included in the package you are receiving with this Ballot and may be obtained free of charge on the dedicated webpage of Stretto, Inc. (the "Notice and Claims Agent") at https://cases.stretto.com/Norcold/ or upon request to the Notice and Claims Agent by (a) telephone at 1 (833) 256-5483 (toll free) or (b) email at TeamNorcold@stretto.com.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

> **Included in Item 3 of this Ballot is an Opt-Out Form related to the releases by Holders of Claims set forth in Article IX.B of the Plan.  You are deemed to have consented to the releases by Holders of Claims unless you check the Release Opt-Out box under Item 3 of this Ballot, and complete the Acknowledgements in Item 5 of this Ballot, and return this Ballot so that it is actually received no later than the Voting Deadline, or timely file an objection to the releases by Holders of Claims.**

Your rights are further described in the *Amended Disclosure Statement for the Amended Chapter 11 Plan of Liquidation of Norcold LLC* [Docket No. 191] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Disclosure Statement"), which was included in the package you are receiving with this Ballot.  Before you vote, you should review the Disclosure Statement, Plan, and voting information and instructions discussed below in Item 6 of this Ballot.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 4 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

If a controversy arises regarding whether any Claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the

---

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

[3]    Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**ITEM 1.    Voting Amount.** The undersigned certifies that, as of January 23, 2026, the undersigned was a Holder of a Class 4 General Unsecured Claim in the amount set forth below:

Voting Amount (in U.S. Dollars): $ _____

**ITEM 2.    Vote on Plan.**  The undersigned Holder of the General Unsecured Claim identified in Item 1 hereby votes to (check **one** box only):

☐    **ACCEPT** the Plan          ☐    **REJECT** the Plan

**ITEM 3.    Release Opt-Out Election.**

### IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE IN ARTICLE IX OF THE PLAN:

#### What is a "third-party release"?

The Plan includes a "third-party release."  This means that certain creditors and other parties agree not to bring lawsuits or other claims against certain non-debtor parties involved in the chapter 11 case for claims related to the Debtor and the chapter 11 case.  The release does not apply to claims based on actual intentional fraud, willful misconduct, or gross negligence, as determined by a court in a final order.

#### What happens if you do not act?

You are a "Releasing Party" under the Plan.  If you do not wish to give up your right to sue the Released Parties, you must either (i) mark the below box in this Item 3 and submit this Ballot prior to the Voting Deadline on <u>February 12, 2026 at 4:00 p.m. (ET)</u> or (ii) file an objection to the releases with the Bankruptcy Court prior to the Confirmation Objection Deadline on <u>February 12, 2026 at 4:00 p.m. (ET)</u>.  If you do not opt out of the third-party release by checking the below box or filing an objection, you will be treated as having agreed to the third-party release.  This means you will not be able to bring or continue released claims against the Released Parties.

#### What does it mean to "opt-out"?

If you opt out of the third-party release, you are not agreeing to give up your claims against the Released Parties.  Opting out preserves any claims you may have against those parties outside of this chapter 11 case, subject to applicable law.

#### Opting out does not affect your recovery under the Plan.

Whether or not you opt out of the third-party release, your treatment and recovery under the Plan will be the same.

**AS A HOLDER OF A CLAIM IN A VOTING CLASS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN.  YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE PROVISIONS CONTAINED IN THE PLAN UNLESS YOU CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN.  YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE.  YOU MAY ALSO VALIDLY**

**OPT OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE CONFIRMATION HEARING OBJECTION DEADLINE THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN.    THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE IX.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE IX.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH. YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN.**

☐    The undersigned elects **NOT TO GRANT (and therefore OPTS-OUT OF)** the third-party releases contained in in Article IX.B of the Plan.

## ITEM 4.    The Plan Includes Certain Release Provisions.

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS.

Article IX.B of the Plan contains the following release provision:

**Releases by Holders of Claims.  As of the Effective Date,  except as otherwise provided in this Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtor or the Estate would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtor (or the Estate), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtor and the ownership thereof, the Debtor's in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sale, or agreement or document created or entered into in connection with the Sale, the DIP Order, the DIP Credit Agreement, and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date; *provided, however,* that this provision shall not operate to waive or release any Claims or Causes of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction**

4

to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; or (2) any obligations under or in respect of the (i) Sale Order and (ii) the Sale Documents.

As defined in Article I.A.90 of the Plan:

"**Released Party**" means, except to the extent such party is included in the Schedule of Retained Causes of Action, each of the following solely in their capacity as such: (i)  the Debtor and the Estate; (ii) the DIP Lender; (iii) the Purchaser; (iv) the Committee and its members (solely in their capacity as Committee members); (v) the Prepetition Agent; (vi) the Prepetition Lenders; and (vii) to the extent not included in the foregoing, each of the preceding entities' respective Related Parties, including the Independent Manager and any professional retained by the Debtor, DIP Lender, the Prepetition Agent, the Prepetition Lenders or the Committee.  Notwithstanding the foregoing, if any party identified in clauses (i) through (vii) elects to opt-out of the releases in the Plan, such party shall not be considered a Released Party.

As defined in Article I.A.91 of the Plan:

"**Releasing Parties**"  means, collectively, and in each case, in their respective capacities as such: (i) the Released Parties; (ii) all Holders of Claims or Interests who vote to accept the Plan and who do not opt out of the releases in the Plan; (iii) all Holders of Claims or Interests who vote to reject the Plan and who do not opt out of the releases in the Plan; and (iv) with respect to each Entity in clause (i) through (iii), each such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

Article IX.C of the Plan contains the following exculpation provision:

**Exculpation**.  Except as otherwise specifically provided in this Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date through and including the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Debtor's in court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sale, the DIP Orders and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place between the Petition Date and the Effective Date, except

5

for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to this Plan to the extent permitted under applicable law.

As defined in Article I.A.43 the Plan:

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means, collectively, and in each case in its capacity as such: (i) the Debtor; (ii) the managers of the Debtor and any other person serving as a fiduciary of the Debtor's Estate, in each case, who served at any time between the Petition Date and the Effective Date; (iii) the Committee and Committee members (in their capacity as such) (iv) all financial advisors, attorneys, accountants, investment bankers, and other professionals retained by the Debtor and the Committee in the Chapter 11 Case.

Article IX.D of the Plan contains the following injunction:

**Injunction.** Except as otherwise provided in this Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of this Plan; (2) have been released pursuant to this Plan; (3) are subject to exculpation pursuant to this Plan; or (4) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of this Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any actions to interfere with the implementation or consummation of this Plan and from commencing or continuing in any manner, any action or other proceeding on account of any such claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtor or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor  Released  Parties,  the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests ((i) other than a setoff exercised prior to the Petition Date, (ii) unless such Entity has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law; or (iii) otherwise permissible under applicable law, asserted through a timely filed or deemed timely filed proof of claim); and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to this Plan.

6

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN. YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**AS A HOLDER OF A CLAIM IN CLASS 4 UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN THE PLAN, AS SET FORTH ABOVE, IF YOU DO NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.**

**ITEM 5.   Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                      Telephone Number

_____          _____
Signature                                                 Email Address

_____
If by Authorized Agent, Name and Title

_____          _____
Name of Institution                                   Date Completed

_____
Street Address

_____
City, State, Zip Code

7

**ITEM 6.   Voting Information and Instructions for Completing this Ballot**

For your vote to count, you must:

    a.  Submit your Ballot by <u>either</u>:

        i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address: Norcold Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; **<u>or</u>**

        ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Notice and Claims Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, visit https://balloting.stretto.com/ and follow the instructions to submit your E-Ballot.

            •  IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

                Unique E-Ballot
                Password:_____

            •  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

            •  The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    b.  In the boxes provided in Item 2 of this Ballot, indicate **<u>either</u>** acceptance or rejection of the Plan by checking the appropriate box;

    c.  Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

    d.  **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>February 12, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtor's discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, such Ballot will not be counted for voting purposes.

Class 4 Ballot

e.  You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, such Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

f.  This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Interest.

g.  If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

h.  NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

i.  PLEASE RETURN YOUR BALLOT PROMPTLY.  THE NOTICE AND CLAIMS AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

j.  IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (TEAMNORCOLD@STRETTO.COM), OR BY TELEPHONE AT 1 (833) 256-5483 (TOLL FREE).  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE. THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

Class 4 Ballot

## <u>EXHIBIT 1-C</u>

**Class 5 (Litigation Claims) Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | |

**CLASS 5 (LITIGATION CLAIMS) BALLOT FOR VOTING TO ACCEPT OR**
**REJECT THE CHAPTER 11 PLAN OF LIQUIDATION FOR NORCOLD LLC**

---

**THIRD-PARTY RELEASE**

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN (AS DEFINED BELOW) CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING THOSE SET FORTH BELOW.**

**PLEASE BE ADVISED THAT UNDER THE PLAN YOU ARE DEEMED TO GIVE RELEASES UNLESS YOU OPT OUT OR OBJECT TO THE PLAN.  PLEASE READ THIS BALLOT IN ITS ENTIRETY AND PLEASE SEE ITEM 3 BELOW FOR MORE DETAILS ON THE RELEASES AND OPT-OUT PROCEDURES.**

**ARTICLE IX.B OF THE PLAN CONTAINS A THIRD-PARTY RELEASE.  YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX OF THE PLAN AS YOUR RIGHTS MAY BE AFFECTED.**

---

**TO BE COUNTED, YOUR VOTE (WHETHER THROUGH "E-BALLOT" OR "PAPER BALLOT" AS DEFINED BELOW) MUST BE <u>ACTUALLY RECEIVED</u> BY STRETTO, INC.  BY THE VOTING DEADLINE OF <u>FEBRUARY 12, 2026 AT 4:00 P.M. (PREVAILING EASTERN TIME)</u>.**

---

This ballot (this "<u>Ballot</u>") is being submitted to you by the above-captioned debtor and debtor in possession (the "<u>Debtor</u>") to solicit your vote to accept or reject the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] filed by the Debtor (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "<u>Plan</u>").[2]

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2]    All capitalized terms used but not otherwise defined herein have the meanings set forth in the Plan.

A copy of the Plan is included in the package you are receiving with this Ballot may be obtained free of charge on the dedicated webpage of Stretto, Inc. (the "Notice and Claims Agent") at https://cases.stretto.com/Norcold/ or upon request to the Notice and Claims Agent by (a) telephone at 1 (833) 256-5483 (toll free) or (b) email at TeamNorcold@stretto.com.[3]

The Plan can be confirmed by the Bankruptcy Court and, thereby, made binding on you if it is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in each Impaired Class who vote on the Plan, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

> **Included in Item 3 of this Ballot is an Opt-Out Form related to the releases by Holders of Claims set forth in Article IX.B of the Plan.  You are deemed to have consented to the releases by Holders of Claims unless you check the Release Opt-Out box under Item 3 of this Ballot, and complete the Acknowledgements in Item 5 of this Ballot, and return this Ballot so that it is actually received no later than the Voting Deadline, or timely file an objection to the releases by Holders of Claims.**

Your rights are further described in the *Amended Disclosure Statement for the Amended Chapter 11 Plan of Liquidation of Norcold LLC* [Docket No. 191] (as it may be amended, supplemented, or modified from time to time pursuant to the terms thereof, the "Disclosure Statement"), which was included in the package you are receiving with this Ballot.  Before you vote, you should review the Disclosure Statement, Plan, and voting information and instructions discussed below in Item 6 of this Ballot.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim.  Your Claim has been placed in Class 5 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.

If a controversy arises regarding whether any Claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the

---

[3]    Copies of the Plan are also available for a fee on the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required).

Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**ITEM 1.    Voting Amount.** The undersigned certifies that, as of January 23, 2026, the undersigned was a Holder of a Class 5 Litigation Claim in the amount set forth below:

Voting Amount (in U.S. Dollars): $ _____

**ITEM 2.    Vote on Plan.**   The undersigned Holder of the Litigation Claim identified in Item 1 hereby votes to (check **one** box only):

☐    **ACCEPT** the Plan          ☐      **REJECT** the Plan

**ITEM 3.    Release Opt-Out Election.**

**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE IN ARTICLE IX OF THE PLAN:**

**What is a "third-party release"?**

The Plan includes a "third-party release." This means that certain creditors and other parties agree not to bring lawsuits or other claims against certain non-debtor parties involved in the chapter 11 case for claims related to the Debtor and the chapter 11 case. The release does not apply to claims based on actual intentional fraud, willful misconduct, or gross negligence, as determined by a court in a final order.

**What happens if you do not act?**

You are a "Releasing Party" under the Plan. If you do not wish to give up your right to sue the Released Parties, you must either (i) mark the below box in this Item 3 and submit this Ballot prior to the Voting Deadline on February 12, 2026 at 4:00 p.m. (ET) or (ii) file an objection to the releases with the Bankruptcy Court prior to the Confirmation Objection Deadline on February 12, 2026 at 4:00 p.m. (ET). If you do not opt out of the third-party release by checking the below box or filing an objection, you will be treated as having agreed to the third-party release. This means you will not be able to bring or continue released claims against the Released Parties.

**What does it mean to "opt-out"?**

If you opt out of the third-party release, you are not agreeing to give up your claims against the Released Parties. Opting out preserves any claims you may have against those parties outside of this chapter 11 case, subject to applicable law.

**Opting out does not affect your recovery under the Plan.**

Whether or not you opt out of the third-party release, your treatment and recovery under the Plan will be the same.

**AS A HOLDER OF A CLAIM IN A VOTING CLASS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN. YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE PROVISIONS CONTAINED IN THE PLAN UNLESS YOU CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE. YOU MAY ALSO VALIDLY**

**OPT OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE CONFIRMATION HEARING OBJECTION DEADLINE THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN.   THE ELECTION TO WITHHOLD CONSENT TO GRANT THE RELEASE IS AT YOUR OPTION. BY OPTING OUT OF THE RELEASE SET FORTH IN ARTICLE IX.B OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE DEBTOR RELEASE SET FORTH IN ARTICLE IX.A OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH. YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE IX.B OF THE PLAN.**

☐    The undersigned elects **NOT TO GRANT (and therefore OPTS-OUT OF)** the third-party releases contained in in Article IX.B of the Plan.

**ITEM 4.    The Plan Includes Certain Release Provisions.**

PLEASE BE ADVISED THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, WHICH MAY IMPACT YOUR RIGHTS.

Article IX.B of the Plan contains the following release provision:

**Releases by Holders of Claims.  As of the Effective Date,  except as otherwise provided in this Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtor or the Estate would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtor (or the Estate), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtor and the ownership thereof, the Debtor's in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sale, or agreement or document created or entered into in connection with the Sale, the DIP Order, the DIP Credit Agreement, and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date; _provided, however,_ that this provision shall not operate to waive or release any Claims or Causes of Action related to**

any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; or (2) any obligations under or in respect of the (i) Sale Order and (ii) the Sale Documents.

As defined in Article I.A.90 of the Plan:

"<u>Released Party</u>" means, except to the extent such party is included in the Schedule of Retained Causes of Action, each of the following solely in their capacity as such: (i) the Debtor and the Estate; (ii) the DIP Lender; (iii) the Purchaser; (iv) the Committee and its members (solely in their capacity as Committee members); (v) the Prepetition Agent; (vi) the Prepetition Lenders; and (vii) to the extent not included in the foregoing, each of the preceding entities' respective Related Parties, including the Independent Manager and any professional retained by the Debtor, DIP Lender, the Prepetition Agent, the Prepetition Lenders or the Committee.  Notwithstanding the foregoing, if any party identified in clauses (i) through (vii) elects to opt-out of the releases in the Plan, such party shall not be considered a Released Party.

As defined in Article I.A.91 of the Plan:

"<u>Releasing Parties</u>"  means, collectively, and in each case, in their respective capacities as such: (i) the Released Parties; (ii) all Holders of Claims or Interests who vote to accept the Plan and who do not opt out of the releases in the Plan; (iii) all Holders of Claims or Interests who vote to reject the Plan and who do not opt out of the releases in the Plan; and (iv) with respect to each Entity in clause (i) through (iii), each such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

Article IX.C of the Plan contains the following exculpation provision:

<u>Exculpation</u>.  Except as otherwise specifically provided in this Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date through and including the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Debtor's in court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sale, the DIP Orders and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other

occurrence or omission taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to this Plan to the extent permitted under applicable law.

As defined in Article I.A.43 the Plan:

"**Exculpated Party**" or "**Exculpated Parties**"  means, collectively, and in each case in its capacity as such: (i) the Debtor; (ii) the managers of the Debtor and any other person serving as a fiduciary of the Debtor's Estate, in each case, who served at any time between the Petition Date and the Effective Date; (iii) the Committee and Committee members (in their capacity as such) (iv) all financial advisors, attorneys, accountants, investment bankers, and other professionals retained by the Debtor and the Committee in the Chapter 11 Case.

Article IX.D of the Plan contains the following injunction:

**Injunction.**  Except as otherwise provided in this Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of this Plan; (2) have been released pursuant to this Plan; (3) are subject to exculpation pursuant to this Plan; or (4) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of this Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any actions to interfere with the implementation or consummation of this Plan and from commencing or continuing in any manner, any action or other proceeding on account of any such claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtor or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor  Released  Parties,  the Released  Parties,  or  Exculpated  Parties  (as  applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b)  enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests ((i) other than a setoff exercised prior to the Petition Date, (ii) unless such Entity has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law; or (iii) otherwise permissible under applicable law, asserted through a timely filed or deemed timely filed proof of claim); and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to this Plan.

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**OTHER RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS ARE FOUND IN ARTICLE IX OF THE PLAN.   YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

**AS A HOLDER OF A CLAIM IN CLASS 5 UNDER THE PLAN, YOU ARE DEEMED TO PROVIDE THE RELEASE CONTAINED IN THE PLAN, AS SET FORTH ABOVE, IF YOU DO NOT OPT OUT OF OR OBJECT TO THE RELEASE PROVISIONS OF THE PLAN.**

**ITEM 5.   Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the instructions on obtaining the Plan and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant.   The undersigned understands that an otherwise properly completed, executed, and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted for voting purposes.

_____          _____
Name of Creditor                                            Telephone Number


_____          _____
Signature                                                       Email Address


_____
If by Authorized Agent, Name and Title


_____          _____
Name of Institution                                       Date Completed


_____
Street Address


_____
City, State, Zip Code

**ITEM 6.    Voting Information and Instructions for Completing this Ballot**

For your vote to count, you must:

    a.  Submit your Ballot by <u>either</u>:

        i.  Completing, executing, and submitting this paper Ballot ("<u>Paper Ballot</u>") by mail, overnight courier, or hand delivery to the following address: Norcold Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; <u>**or**</u>

        ii.  Submitting an electronic Ballot (an "<u>E-Ballot</u>") through the Notice and Claims Agent's dedicated, E-Ballot portal (the "<u>E-Balloting Portal</u>").  To submit your Ballot through the E-Balloting Portal, visit https://balloting.stretto.com/ and follow the instructions to submit your E-Ballot.

            •  IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:

                Unique E-Ballot
                Password:_____

            •  Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of E-Ballot.  Please complete and submit an E-Ballot for each E-Ballot ID# you receive, as applicable.  If you submit an E-Ballot, you should NOT also submit a Paper Ballot.

            •  The E-Balloting Portal is the sole manner in which Ballots will be accepted by electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

    b.  In the boxes provided in Item 2 of this Ballot, indicate **<u>either</u>** acceptance or rejection of the Plan by checking the appropriate box;

    c.  Review and sign the acknowledgements in Item 4 of this Ballot.  Please be sure to sign and date your Ballot.  Your signature is required for your vote to be counted.  For the avoidance of doubt, a properly submitted E-Ballot will be deemed to include a valid and original signature.  If you are completing this Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot; and

    d.  **Return your Ballot (whether by E-Ballot or by Paper Ballot) so it is *actually received* by the Notice and Claims Agent on or before the Voting Deadline approved by the Bankruptcy Court, <u>February 12, 2026 at 4:00 p.m. (prevailing Eastern Time)</u>**.  If a Ballot is received after the Voting Deadline, it will not be counted (even if postmarked prior to the Voting Deadline), except in the Debtor's discretion, in consultation with the Committee.  If neither the "accept" nor "reject" box is checked or if both boxes are checked in Item 2 for an otherwise properly completed, executed, and timely returned Ballot, such Ballot will not be counted for voting purposes.

e.   You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and those Ballots are not voted in the same manner, such Ballots will not be counted.  An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.  **Further, inconsistent, duplicate Ballots with respect to the same Claim shall not be counted.**

f.   This Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or Interest.

g.   If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest received properly completed Ballot will supersede any prior received Ballots.

h.   NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

i.   PLEASE RETURN YOUR BALLOT PROMPTLY.  THE NOTICE AND CLAIMS AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.

j.   IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT BY EMAIL (TEAMNORCOLD@STRETTO.COM), OR BY TELEPHONE AT 1 (833) 256-5483 (TOLL FREE).  DO NOT CONTACT THE NOTICE AND CLAIMS AGENT OR THE BANKRUPTCY COURT FOR LEGAL ADVICE.  THE NOTICE AND CLAIMS AGENT AND THE BANKRUPTCY COURT CANNOT AND WILL NOT PROVIDE PARTIES WITH LEGAL ADVICE.

## **EXHIBIT 2**

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | **Docket Ref. No. ___** |

**NOTICE OF ORDER (A) APPROVING THE DISCLOSURE STATEMENT;
(B) ESTABLISHING SOLICITATION AND TABULATION PROCEDURES;
(C) APPROVING THE FORMS OF BALLOTS AND SOLICITATION MATERIALS;
(D) ESTABLISHING THE VOTING RECORD DATE; (E) FIXING THE DATE, TIME,
AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR
FILING OBJECTIONS THERETO; AND (F) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 3, 2025 (the "Petition Date"), the above-captioned debtor and debtor-in-possession (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

1.      **Approval of the Disclosure Statement.**  At a hearing held on January 13, 2026 (the "Disclosure Statement Hearing"), the Court, having jurisdiction over the above-captioned chapter 11 case of the Debtor, entered an order [Docket No. [●]] (the "Solicitation Procedures Order") approving the *Amended Disclosure Statement for the Amended Chapter 11 Plan of Liquidation for Norcold LLC*, [Docket No. 191] (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), and authorized the Debtor to solicit votes to accept or reject the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] (as may be amended, modified, or supplemented from time to time, the "Plan").[2]

2.      **Classification of Claims and Interests under the Plan.**  The classification and treatment of Claims and Interests under the Plan is described generally below:

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Loan Guarantee Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Litigation Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

3.      **Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Case may be obtained and reviewed without charge at https://cases.stretto.com/Norcold/, or upon request to the Debtor's claim and voting agent, Stretto, Inc., by (a) telephone at 1 (833) 256-5483 (toll free) or (b) email at TeamNorcold@stretto.com.**

4.      **Confirmation Hearing**.  A hearing (the "<u>Confirmation Hearing</u>") to consider confirmation of the Plan will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 3rd Floor, Courtroom #7, 824 North Market Street, Wilmington, Delaware 19801, on **February 19, 2026 at 11:00 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court at a hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Case, which notice may be a hearing agenda.

5.      **Voting Deadline**.  Only Holders of Claims in Class 3 (Prepetition Loan Guarantee Claims), Class 4 (General Unsecured Claims), and Class 5 (Litigation Claims), as of the Voting Record Date, are entitled to vote to accept or reject the Plan.  The deadline for the submission of such votes is **February 12, 2026 at 4:00 p.m. (prevailing Eastern Time)**.

6.      **Parties Not Entitled to Vote**.  Holders of Unimpaired Claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) are presumed to accept the Plan.  Holders of Impaired Claims in Class 6 (Intercompany Claims), Class 7 (Section 510(b) Claims), and Interests in Class 8 (Interests) will receive no distribution under the Plan on account of such Claims or Interests and are deemed to reject the Plan.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Professional Fee Claims, DIP Claims, and Priority Tax Claims, as described in the Plan, have not been classified and, therefore, Holders of such Claims

are not entitled to vote to accept or reject the Plan. The respective treatment of such unclassified Claims is set forth in Article II of the Plan.

7.      **Objections to Confirmation**. Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on February 12, 2026**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Releases by Holders of Claims. As of the Effective Date, except as otherwise provided in this Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtor or the Estate would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtor (or the Estate), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtor and the ownership thereof, the Debtor's in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sale, or agreement or document created or entered into in connection with the Sale, the DIP Order, the DIP Credit Agreement, and any related agreement, instruments, and other documents relating**

---

[3] The Notice Parties are: (i) the Debtor, 7101 Jackson Road, Ann Arbor, MI 48103, Attn.: Richard Wu (rwu@alvarezandmarsal.com); (ii) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn.: Sean M. Beach (sbeach@ycst.com) and Matthew B. Lunn (mlunn@ycst.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn.: Linda Casey (linda.casey@usdoj.gov); (iv) counsel to the administrative agent under the Debtor's postpetition financing facility, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn.: Chris Dickerson (chris.dickerson@ropesgray.com); (v) counsel to the administrative agent under the Debtor's prepetition financing facility, McDermott Will & Schulte, 919 Third Avenue, New York, NY 10022, Attn.: Adam C. Harris (adam.harris@srz.com); and (vi) counsel to the Committee, (a) Eversheds Sutherland (US) LLP, (i) the Grace Building, 40th Floor, 1114 Avenue of the Americas, New York, New York 10036-7703, Attn.: Todd C. Meyers (toddmeyers@eversheds-sutherland.com), John Ramirez (johnramirez@eversheds-sutherland.com), and Andrew J. Polansky (andrewpolansky@eversheds-sutherland.com) and (b) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn.: Lucian B. Murley (luke.murley@saul.com).

thereto, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date; *provided, however,* that this provision shall not operate to waive or release any Claims or Causes of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; or (2) any obligations under or in respect of the (i) Sale Order and (ii) the Sale Documents.

As defined in Article I.A.90 of the Plan:

"**Released Party**" means, except to the extent such party is included in the Schedule of Retained Causes of Action, each of the following solely in their capacity as such: (i)  the Debtor and the Estate; (ii) the DIP Lender; (iii) the Purchaser; (iv) the Committee and its members (solely in their capacity as Committee members); (v) the Prepetition Agent; (vi) the Prepetition Lenders; and (vii) to the extent not included in the foregoing, each of the preceding entities' respective Related Parties, including the Independent Manager and any professional retained by the Debtor, DIP Lender, the Prepetition Agent, the Prepetition Lenders or the Committee.  Notwithstanding the foregoing, if any party identified in clauses (i) through (vii) elects to opt-out of the releases in the Plan, such party shall not be considered a Released Party.

As defined in Article I.A.91 of the Plan:

"**Releasing Parties**"  means, collectively, and in each case, in their respective capacities as such: (i) the Released Parties; (ii) all Holders of Claims or Interests who vote to accept the Plan and who do not opt out of the releases in the Plan; (iii) all Holders of Claims or Interests who vote to reject the Plan and who do not opt out of the releases in the Plan; and (iv) with respect to each Entity in clause (i) through (iii), each such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

Article IX.C of the Plan contains the following exculpation provision:

**Exculpation**.  Except as otherwise specifically provided in this Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date through and including the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Debtor's in court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sale, the DIP Orders and any related agreement, instruments, and other documents relating

4

**thereto, this Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to this Plan to the extent permitted under applicable law.**

As defined in Article I.A.43 the Plan:

**"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>"  means, collectively, and in each case in its capacity as such: (i) the Debtor; (ii) the managers of the Debtor and any other person serving as a fiduciary of the Debtor's Estate, in each case, who served at any time between the Petition Date and the Effective Date; (iii) the Committee and Committee members (in their capacity as such) (iv) all financial advisors, attorneys, accountants, investment bankers, and other professionals retained by the Debtor and the Committee in the Chapter 11 Case.**

Article IX.D of the Plan contains the following injunction:

<u>**Injunction**</u>.  Except as otherwise provided in this Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of this Plan; (2) have been released pursuant to this Plan; (3) are subject to exculpation pursuant to this Plan; or (4) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of this Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any actions to interfere with the implementation or consummation of this Plan and from commencing or continuing in any manner, any action or other proceeding on account of any such claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtor or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor Released Parties, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b)  enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests ((i) other than a setoff exercised prior to the Petition Date, (ii) unless such Entity has

5

filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law; or (iii) otherwise permissible under applicable law, asserted through a timely filed or deemed timely filed proof of claim); and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to this Plan.

**Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.**

**By accepting distributions pursuant to the Plan, each Holder of any Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan shall be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in Article IX.D of the Plan.**

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX THEREOF.**

Dated:   [•], 2026
        Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Jared W. Kochenash (No. 6557)
Daniel Trager (No. 7465)
Roger L. Sharp (No. 7454)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
        mlunn@ycst.com
        jkochenash@ycst.com
        dtrager@ycst.com
        rsharp@ycst.com

*Counsel for the Debtor and Debtor in Possession*

## **EXHIBIT 3**

**Notice of Non-Voting Status**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | |

## NOTICE OF NON-VOTING STATUS

### TO: ALL HOLDERS OF UNCLASSIFIED CLAIMS AND CLAIMS OR INTERESTS IN CLASSES 1, 2, 6, 7, AND 8

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November 3, 2025 (the "Petition Date"), the above-captioned debtor and debtor- in-possession (the "Debtor") filed a voluntary petition for relief under title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On _____, 2026, the Court entered an order (the "Solicitation Procedures Order"), which, among other things, approved the *Amended Disclosure Statement for the Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 191] (the "Disclosure Statement"), which was filed by the Debtor in the Debtor's chapter 11 case (the "Chapter 11 Case").  The Solicitation Procedures Order authorizes the Debtor to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Classes (as defined in the Solicitation Procedures Order).

3.      **Confirmation Hearing**.  A hearing (the "Confirmation Hearing") to consider confirmation of the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] (as may be amended, modified, or supplemented from time to time, the "Plan")[2] will be held before the Honorable Thomas M. Horan, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 6th Floor, Courtroom #7, 824 North Market Street, Wilmington, Delaware 19801, on **February 19, 2026 at 11:00 a.m. (prevailing Eastern Time)**. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Debtor in open court at a hearing or as indicated in any notice filed with the Court on the docket in the Chapter 11 Case, which notice may be a hearing agenda.

---

[1]      The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  Norcold LLC (6081).  For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

## ENTITLEMENT TO VOTE ON THE PLAN

4.    In accordance with the terms of the Plan and the Bankruptcy Code, General Administrative Claims, Professional Fee Claims, DIP Claims, and Priority Tax Claims (collectively, the "Unclassified Claims") are unclassified and are not entitled to vote on the Plan. Holders of Claims and Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 6 (Intercompany Claims), 7 (Section 510(b) Claims), and 8 (Interests) under the Plan (collectively,  the "Non-Voting Classes") are (a) conclusively presumed to have accepted the Plan or deemed to reject the Plan, as applicable, and (b) not entitled to vote to accept or reject the Plan, as further described below.  **You are receiving this notice because, as of the Voting Record Date, you are either (i) a Holder of an Unclassified Claim and, therefore, not entitled to vote on the Plan; or (ii) a Holder of a Claim or Interest in a Class that is conclusively presumed to accept or deemed to reject the Plan and, therefore, not entitled to vote on the Plan.**

5.    Your rights are described more fully in the Disclosure Statement and Plan.  Copies of the Disclosure Statement, the Plan, the Solicitation Procedures Order, and all other documents filed in the Chapter 11 Case may be obtained and reviewed without charge at https://cases.stretto.com/Norcold/, or upon request to the Debtor's claim and voting agent, Stretto, Inc., by (i) telephone at 1 (833) 256-5483 (toll free) or (ii) email at TeamNorcold@stretto.com.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

6.    The Plan proposes to modify the rights of certain creditors of the Debtor.  The classification of Claims and Interests under the Plan is described generally below:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3 | Prepetition Loan Guarantee Claims | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | Impaired | Entitled to Vote |
| 5 | Litigation Claims | Impaired | Entitled to Vote |
| 6 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 7 | Section 510(b) Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

7.    **Objections to Confirmation**.  Objections to confirmation of the Plan, and any objection to the adequacy of the disclosures in the Disclosure Statement, if any, must:  (i) be in writing; (ii) state the name and address of the objecting party and the nature of the Claim or Interest

of such party; (iii) state with particularity the basis and nature of such objection; and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 and served on the Notice Parties[3] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on February 12, 2026**. Unless an objection is timely served and filed as prescribed herein, it may not be considered by the Court.

**PLEASE BE ADVISED THAT ARTICLE IX OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, INCLUDING:**

**Releases by Holders of Claims. As of the Effective Date, except as otherwise provided in this Plan or the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtor under this Plan and the contributions of the Released Parties to facilitate and implement this Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each Releasing Party shall be deemed to conclusively, absolutely, unconditionally, irrevocably and forever release each Released Party from any and all claims and Causes of Action, whether known or unknown, including any claims and Causes of Action that the Debtor or the Estate would have been legally entitled to assert in their own right including any claims or Causes of Action that could be asserted derivatively or on behalf of the Debtor (or the Estate), that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or in any manner arising from, in whole or in part, the Debtor (including the management, ownership or operation thereof, or otherwise), any securities issued by the Debtor and the ownership thereof, the Debtor's in- or out-of-court restructuring efforts, the payment or satisfaction of prepetition debt or claims, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, documents and pleadings related to the Sale, or agreement or document created or entered into in connection with the Sale, the DIP Order, the DIP Credit Agreement, and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place on or before the Effective Date; *provided, however, that*

---

[3]     The Notice Parties are: (i) the Debtor, 7101 Jackson Road, Ann Arbor, MI 48103, <u>Attn.</u>: Richard Wu (rwu@alvarezandmarsal.com); (ii) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, <u>Attn.</u>: Sean M. Beach (sbeach@ycst.com) and Matthew B. Lunn (mlunn@ycst.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, <u>Attn.</u>: Linda Casey (linda.casey@usdoj.gov); (iv) counsel to the administrative agent under the Debtor's postpetition financing facility, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, <u>Attn.</u>: Chris Dickerson (chris.dickerson@ropesgray.com); (v) counsel to the administrative agent under the Debtor's prepetition financing facility, McDermott Will & Schulte, 919 Third Avenue, New York, NY 10022, <u>Attn.</u>: Adam C. Harris (adam.harris@srz.com); and (vi) counsel to the Committee, (a) Eversheds Sutherland (US) LLP, (i) the Grace Building, 40th Floor, 1114 Avenue of the Americas, New York, New York 10036-7703, <u>Attn.</u>: Todd C. Meyers (toddmeyers@eversheds-sutherland.com), John Ramirez (johnramirez@eversheds-sutherland.com), and Andrew J. Polansky (andrewpolansky@eversheds-sutherland.com) and (b) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, <u>Attn.</u>: Lucian B. Murley (luke.murley@saul.com).

this provision shall not operate to waive or release any Claims or Causes of Action related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any post-Effective Date obligations of any party or Entity under this Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement this Plan; or (2) any obligations under or in respect of the (i) Sale Order and (ii) the Sale Documents.

"<u>Released Party</u>" means, except to the extent such party is included in the Schedule of Retained Causes of Action, each of the following solely in their capacity as such: (i)  the Debtor and the Estate; (ii) the DIP Lender; (iii) the Purchaser; (iv) the Committee and its members (solely in their capacity as Committee members); (v) the Prepetition Agent; (vi) the Prepetition Lenders; and (vii) to the extent not included in the foregoing, each of the preceding entities' respective Related Parties, including the Independent Manager and any professional retained by the Debtor, DIP Lender, the Prepetition Agent, the Prepetition Lenders or the Committee.  Notwithstanding the foregoing, if any party identified in clauses (i) through (vii) elects to opt-out of the releases in the Plan, such party shall not be considered a Released Party.

"<u>Releasing Parties</u>"  means, collectively, and in each case, in their respective capacities as such: (i) the Released Parties; (ii) all Holders of Claims or Interests who vote to accept the Plan and who do not opt out of the releases in the Plan; (iii) all Holders of Claims or Interests who vote to reject the Plan and who do not opt out of the releases in the Plan; and (iv) with respect to each Entity in clause (i) through (iii), each such Entity's current and former subsidiaries, officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.

<u>Exculpation</u>.  Except as otherwise specifically provided in this Plan, to the maximum extent permitted by applicable law, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby released and exculpated from, any Cause of Action for any Claim related to any act or omission arising from the Petition Date through and including the Effective Date in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Debtor's in court restructuring efforts, the Disclosure Statement, documents and pleadings related to the Sale, the DIP Orders and any related agreement, instruments, and other documents relating thereto, this Plan, the Plan Supplement, or any other restructuring transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Sale, this Plan, the Plan Supplement, the Chapter 11 Case, the filing of the Chapter 11 Case, the pursuit of the Confirmation Order, the pursuit of the Sale Order, the conduct of the Sale Process, the pursuit of consummation, the administration and implementation of this Plan, including the distribution of property under this Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence or omission taking place between the Petition Date and the Effective Date, except for claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual intentional fraud, willful misconduct, or gross negligence of such Person, but in all respects such Entities shall be entitled to

reasonably rely upon the written advice of counsel with respect to their duties and responsibilities pursuant to this Plan to the extent permitted under applicable law.

"<u>Exculpated Party</u>" or "<u>Exculpated Parties</u>" means, collectively, and in each case in its capacity as such: (i) the Debtor; (ii) the managers of the Debtor and any other person serving as a fiduciary of the Debtor's Estate, in each case, who served at any time between the Petition Date and the Effective Date; (iii) the Committee and Committee members (in their capacity as such) (iv) all financial advisors, attorneys, accountants, investment bankers, and other professionals retained by the Debtor and the Committee in the Chapter 11 Case.

<u>Injunction</u>.  Except as otherwise provided in this Plan or the Confirmation Order, all Entities who have held, hold, or may hold claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of this Plan; (2) have been released pursuant to this Plan; (3) are subject to exculpation pursuant to this Plan; or (4) are otherwise satisfied, stayed, released, or terminated pursuant to the terms of this Plan, are permanently enjoined and precluded, from and after the Effective Date, from taking any actions to interfere with the implementation or consummation of this Plan and from commencing or continuing in any manner, any action or other proceeding on account of any such claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtor or any Person or Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of, or in connection with or with respect to, any released, settled, compromised, or exculpated claims, Interests, Causes of Action, or liabilities, including being permanently enjoined and precluded, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor Released Parties, the Released Parties, or Exculpated Parties (as applicable): (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or Interests; (c) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estate of such Entities on account of or in connection with or with respect to any such claims or Interests; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or Interests ((i) other than a setoff exercised prior to the Petition Date, (ii) unless such Entity has filed a motion requesting the right to perform such setoff on or before the Effective Date or has filed a Proof of Claim or proof of Interest indicating that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law; or (iii) otherwise permissible under applicable law, asserted through a timely filed or deemed timely filed proof of claim); and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or Interests released, exculpated, or settled pursuant to this Plan.

Upon the Bankruptcy Court's entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan by the Debtor, the Liquidating Trustee, and their respective affiliates, employees, advisors, officers and directors, or agents.

**YOU ARE ADVISED AND ENCOURAGED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS SET FORTH IN ARTICLE IX THEREOF.**

Dated:  [•], 2026
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Jared W. Kochenash (No. 6557)
Daniel Trager (No. 7465)
Roger L. Sharp (No. 7454)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:  sbeach@ycst.com
        mlunn@ycst.com
        jkochenash@ycst.com
        dtrager@ycst.com
        rsharp@ycst.com

*Counsel for the Debtor and Debtor in Possession*

**<u>Exhibit B</u>**

**Disclosure Statement Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | **Hearing Date: January 13, 2026 at 1:00 p.m. (ET)** |
|  | **Objection Deadline: January 6, 2026 at 4:00 p.m. (ET)** |

**NOTICE OF HEARING TO CONSIDER**
**APPROVAL OF DISCLOSURE STATEMENT**

**PLEASE TAKE NOTICE THAT**, on November 3, 2025, the debtor and debtor in possession in the above-captioned case (the "Debtor") filed with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") the *Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 190] (as may be subsequently amended, modified, or supplemented, the "Plan") and the *Amended Disclosure Statement for the Amended Chapter 11 Plan of Liquidation for Norcold LLC* [Docket No. 191] (as may be subsequently amended, modified, or supplemented, the "Disclosure Statement").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Debtor intends to present the Disclosure Statement for approval at a hearing before the Honorable Thomas M. Horan on **January 13, 2026 at 1:00 p.m. (ET)** convened at the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Courtroom #7, Wilmington, DE 19801 (the "Disclosure Statement Hearing"). The Disclosure Statement may be amended, modified, or supplemented at any time prior to or at the Disclosure Statement Hearing, and the Disclosure Statement Hearing may be adjourned from time to time without further notice, except for the announcement of the adjourned date(s) through a notice of adjournment, the agenda for the Disclosure Statement Hearing, and/or at the Disclosure Statement Hearing or any continued hearing(s).

**PLEASE TAKE FURTHER NOTICE THAT** objections, if any, to the approval of the Disclosure Statement must: (a) be in writing; (b) state the name, address, and nature of the Claim or Interest of the objecting or responding party proposing a modification to the Disclosure Statement; (c) state with particularity the legal and factual basis and nature of any objection or response; (d) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801, together with proof of service, **on or before January 6, 2026 at 4:00**

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Norcold LLC (6081). For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Plan or the Disclosure Statement, as applicable.

**p.m. (ET)** (the "Objection Deadline"); and (e) be served upon the following parties so as to be received on or before the Objection Deadline: (i) the Debtor, 7101 Jackson Road, Ann Arbor, MI 48103, Attn.: Richard Wu (rwu@alvarezandmarsal.com); (ii) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801, Attn.: Sean M. Beach (sbeach@ycst.com) and Matthew B. Lunn (mlunn@ycst.com); (iii) the U.S. Trustee, J. Caleb Boggs Federal Building, 844 King Street, Room 2207, Wilmington, DE 19801, Attn.: Linda Casey (linda.casey@usdoj.gov); (iv) counsel to the administrative agent under the Debtor's postpetition financing facility, Ropes & Gray LLP, 191 North Wacker Drive, 32nd Floor, Chicago, IL 60606, Attn.: Chris Dickerson (chris.dickerson@ropesgray.com); (v) counsel to the administrative agent under the Debtor's prepetition financing facility, McDermott Will & Schulte, 919 Third Avenue, New York, NY 10022, Attn.: Adam C. Harris (adam.harris@srz.com); and (vi) counsel to the Committee, (a) Eversheds Sutherland (US) LLP, (i) the Grace Building, 40th Floor, 1114 Avenue of the Americas, New York, New York 10036-7703, Attn.: Todd C. Meyers (toddmeyers@eversheds-sutherland.com), John Ramirez (johnramirez@eversheds-sutherland.com), and Andrew J. Polansky (andrewpolansky@eversheds-sutherland.com) and (b) Saul Ewing LLP, 1201 North Market Street, Suite 2300, Wilmington, DE 19801, Attn.: Lucian B. Murley (luke.murley@saul.com).

**PLEASE TAKE FURTHER NOTICE THAT** only those objections made in writing and timely filed and received by the Objection Deadline will be considered by the Bankruptcy Court during the Disclosure Statement Hearing. If no objections to the Disclosure Statement are timely and properly filed and served in accordance with the procedures set forth herein, the Bankruptcy Court may enter an order approving the Disclosure Statement without further notice.

**PLEASE TAKE FURTHER NOTICE THAT** copies of the Plan and the Disclosure Statement are available for inspection during regular business hours, excluding federal holidays, at the office of the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, DE 19801. In addition, copies of the Plan and the Disclosure Statement may be obtained: (i) by visiting the Debtor's chapter 11 case website: https://cases.stretto.com/Norcold/; (ii) upon written request via first class mail to the Debtor's solicitation agent, Stretto, Inc. (the "Solicitation Agent"), at Norcold Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (iii) by contacting the Solicitation Agent via telephone at (833) 256-5483 (Toll-Free); or (iv) for a fee, from the Bankruptcy Court's website, www.deb.uscourts.gov (a PACER account is required). A PACER login and password can be obtained through the PACER Service Center at https://www.pacer.gov.

**PLEASE TAKE FURTHER NOTICE THAT THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN WILL BE SOLICITED IF AND WHEN THE BANKRUPTCY COURT APPROVES THE DISCLOSURE STATEMENT.**

**NO PERSON, INCLUDING THE SOLICITATION AGENT, HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, INCLUDING LEGAL ADVICE, OR TO MAKE ANY REPRESENTATION, REGARDING THE DEBTOR OR THE PLAN.**

Dated:  [•], 2026
  Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/*_____
Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Jared W. Kochenash (No. 6557)
Daniel Trager (No. 7465)
Roger L. Sharp (No. 7454)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Emails:   sbeach@ycst.com
   mlunn@ycst.com
   jkochenash@ycst.com
   dtrager@ycst.com
   rsharp@ycst.com

*Counsel for the Debtor and Debtor in Possession*