## EXHIBIT B

**Changed-Page-Only Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NORCOLD LLC,[1] | Case No. 25-11933 (TMH) |
| Debtor. | |

**~~SECOND~~THIRD AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR NORCOLD
LLC**

**Dated: February ~~17~~19, 2026**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Sean M. Beach (No. 4070)
Matthew B. Lunn (No. 4119)
Jared W. Kochenash (No. 6557)
Daniel Trager (No. 7465)
Roger L. Sharp (No. 7454)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Emails: sbeach@ycst.com
   mlunn@ycst.com
   jkochenash@ycst.com
   dtrager@ycst.com
   rsharp@ycst.com

*Counsel to the Debtor and Debtor in Possession*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: Norcold LLC (6081). For purposes of this chapter 11 case, the Debtor's service address is 7101 Jackson Road, Ann Arbor, MI 48103.

~~34030755.1~~
34030755.3

54222723.3

**L.      Allocation of Distributions Between Principal and Interest**

To the extent that any Allowed Claim entitled to a distribution under this Plan includes both principal and accrued but unpaid prepetition interest, such distribution shall be allocated to the principal amount (as determined for U.S. federal income tax purposes) of the Claim first, and then to accrued but unpaid prepetition interest.

**M.      Distributions Free and Clear**

Except as otherwise provided in this Plan, any distribution or transfer made under this Plan shall be free and clear of any Liens, Claims, encumbrances, charges, and other interests, and no other entity shall have any interest, whether legal, beneficial, or otherwise, in property distributed or transferred pursuant to this Plan.

**N.      Claims Paid or Payable by Third Parties**

1.      Claims Paid by Third Parties

If a Holder of a Claim receives a payment or other satisfaction of its Claim other than through the Debtor and/or the Liquidating Trustee (as applicable) on account of such Claim, such Claim shall be reduced by the amount of such payment or satisfaction without an objection to such Claim having to be Filed, and if the Claim was paid or satisfied in full other than through the Debtor and/or the Liquidating Trustee (as applicable), then such Claim shall be disallowed, and any recovery in excess of a single recovery in full shall be paid over to the Debtor or the Liquidating Trustee (as applicable) without an objection to such Claim having to be Filed; *provided*, *however*, that a notice of satisfaction shall be Filed and served reflecting that a particular Claim has been satisfied.  To the extent a Holder of a Claim receives a distribution on account of such Claim and receives payment or satisfaction from a party that is not the Debtor and/or the Liquidating Trustee (as applicable) on account of such Claim, such Holder shall, within fourteen (14) Business Days of receipt thereof, repay or return the distribution to the Debtor or Liquidating Trustee (as applicable), to the extent the Holder's total recovery on account of such Claim from the third party and under this Plan exceeds the amount of such Claim as of the date of any such distribution under this Plan.

2.      Claims Payable by Third Parties

No distributions under this Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtor's Insurance Policies until the Holder of such Allowed Claim has exhausted ~~all remedies with respect to~~ such Insurance Policy. To the extent that one or more of the Debtor's insurers agrees to satisfy in full or in part a Claim ~~(if and to the extent adjudicated by a court of competent jurisdiction)~~, then immediately upon such insurer's payment of such Claim, the applicable portion of such Claim may be expunged up to the amount of the insurance proceeds paid and received (and the Claims Register adjusted accordingly) without an objection to such Claim having to be Filed and without any further notice to or action, order, or approval of the Bankruptcy Court; *provided*, that the Debtor or the Liquidating Trustee, as

applicable, shall serve notice of such satisfaction or partial satisfaction on the affected Holder of the applicable Claim.

3.       Applicability of Insurance Policies

Except as otherwise provided in this Plan, distributions to Holders of Allowed Claims shall take into account for any payments made in accordance with the provisions of any applicable Insurance Policy.  Except as set forth in Article IX herein, nothing in this Plan shall constitute or be deemed a waiver of any Cause of Action that the Debtor or any Entity, including the Liquidating Trust, may hold against any other Person or Entity, including Insurance Companies under any Insurance Policies, nor shall anything contained herein constitute or be deemed a waiver by such Insurance Company of any defenses, including coverage defenses, held by such Insurance Company.  No distributions under the Plan shall be made on account of an Allowed Claim that is payable pursuant to one of the Debtor's Insurance Policies until the Holder of such Allowed Claim has exhausted all remedies alleged or which may be alleged in pending litigation with respect to such Insurance Policy.  To the extent that one or more of the Debtor's Insurance Companies agrees to satisfy in full or in part a Claim (if and to the extent adjudicated by a court of competent jurisdiction), then immediately upon such Insurance Company's agreement, the applicable portion of such Claim may be expunged up to the amount of the insurance proceeds paid and received without a Claim objection having to be filed and without any further notice to or action, order, or approval of the Bankruptcy Court.  If an applicable Insurance Policy has a self-insured retention ("SIR") or a deductible, the Holder of an Allowed Litigation Claim that is payable pursuant to such Insurance Policy, upon the allowance of such Claim, shall have an Allowed Litigation Claim against the Debtor solelyup to the amount of the portion of the Allowed Litigation Claim that remains unpaid by any applicable Insurance Policy up to the amount of the SIR or deductible amount that may be established upon the liquidation of the Litigation Claim, and such Holder's recovery from the Liquidating Trust shall be solely in the form of its distribution on account of such Allowed Litigation Claim in Class 5 under the Plan.  Such SIR shall be considered satisfied pursuant to the Plan through allowance of the Litigation Claim solely in the amount of the applicable SIR, if any, and nothing herein obligates the Debtor, the Post-Effective Date Debtor, or the Liquidating Trust to otherwise satisfy any SIR under any Insurance Policy nor shall the Debtor be permitted to interfere with payment under any applicable insurance policies proffered by the Debtor's insurance carriers. Any recovery on account of the Litigation Claim in excess of the SIR established upon the liquidation of the Claim shall be recovered solely from the Debtor's insurance coverage, if any, and only to the extent of available insurance coverage and any proceeds thereof, irrespective of whether or not the Debtor can satisfy the SIR.  Nothing in this Plan shall be construed to limit, extinguish, or diminish the insurance coverage that may exist or shall be construed as a finding that liquidated any Claim is payable pursuant to an Insurance Policy. Nothing herein relieves any Entity from the requirement to timely file a Proof of Claim by the applicable Bar Date.

**H.** **Dissolution of the Committee**

On the Effective Date, the Committee will dissolve and the members thereof will be released and discharged from all duties and obligations arising from or related to the Chapter 11 Case; *provided*, *however*, that, after the Effective Date, the Committee will continue to exist solely with respect to (1) any applications for Professional Fee Claims or expense reimbursements for members of the Committee, including preparing, objecting to, defending, and attending any hearing with respect to the same; (2) any motions or other actions seeking enforcement or implementation of the provisions of this Plan or Confirmation Order; and (3) any appeal pending as of the Effective Date or filed thereafter, the outcome of which could reasonably be expected to affect in any material way the treatment of the Holders of General Unsecured Claims, including, but not limited to, any cases, controversies, suits or disputes arising in connection with the consummation, interpretation, implementation or enforcement of this Plan, the Plan Supplement, or the Confirmation Order.  Following the Effective Date, the Committee's Retained Professionals shall be entitled to reasonable compensation for services rendered in connection with the matters identified in clauses (1) through (3).

**I.** **Notices**

In order for all notices, requests, and demands to or upon the Debtor or the Liquidating Trustee, as the case may be, to be effective, such notices, requests and demands shall be in writing (including by electronic mail) and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by email, when received, and served on or delivered to the following parties:

| **Debtor** | **Counsel to the Debtor** |
|---|---|
| **Norcold LLC**<br>Attn:  Petrus Johannes Adriana Struijs<br>(pstruijs@thetford.eu) | **Young Conaway Stargatt & Taylor, LLP**<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Attention: Sean M. Beach, Esq.; Matthew B. Lunn, Esq.; Jared W. Kochenash, Esq.<br>Email: sbeach@ycst.com; mlunn@ycst.com; jkochenash@ycst.com |
| **Liquidating Trustee** | **Counsel to the Liquidating Trustee** |
| [●]**Olympus Guardians LLC**<br>Attn: Arian Eghbali<br>(arian@olympusguardian.com) | [●] |

34030755.1<br>34030755.3<br>54222723.3

Dated: February 17, 2026

Respectfully submitted,

/s/ ~~Richard Wu~~

By: Richard Wu
Chief Restructuring Officer
Norcold LLC

34030755.1
34030755.3